(101 So. 909)

## GRESHAM v. STATE. (8 Div. 129.)

(Court of Appeals of Alabama. June 17, 1924. Rehearing Denied July 22, 1924.)

**1. Criminal law ⊂⇒1167(2) — Questions pertaining to count as to which there was acquittal not considered.**

Alleged errors pertaining to count as to which there was an acquittal will not be considered.

**2. Intoxicating liquors ⊂⇒236(5) — Possession of still appliances held prima facie evidence of possession of complete still.**

Under Acts 1919, p. 1086, § 2, possession of still appliances suitable for use in manufacture of prohibited liquors and beverages is prima facie evidence of possession of complete still.

**3. Criminal law ⊂⇒829(1)—Refusal to give charge covered by given charge not error.**

Refusal to give requested charge covered by given charge *held* not error.

**4. Criminal law ⊂⇒807(1)—Refusal of argumentative charge proper.**

Refusal to give argumentative charge *held* proper.

**5. Criminal law ⊂⇒342—Accused's uncommunicated intentions properly excluded.**

Trial court properly excluded questions seeking accused's uncommunicated intentions.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

W. H. Gresham was convicted of possessing a still, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Gresham, 212 Ala. 190, 101 So. 910.

Simpson & Simpson, of Florence, for appellant.

A conviction cannot be sustained, if so many of the parts of the still are missing as that it loses its character as such. Gamble v. State, 19 Ala. App. 82, 95 So. 202; State v. Hyde, 297 Mo. 213, 248 S. W. 920.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record is free from error.

SAMFORD, J. [1] The indictment was in two counts. The first charged the unlawful manufacture of whisky. As to this count there was an acquittal, and therefore questions relative to it need not be considered or passed upon here.

[2] The evidence for the state clearly made the question of possession of a still, etc., one for the jury to determine. Ex parte Pool, 210 Ala. 464, 98 So. 309. Section 2 of Acts 1919, p. 1086, is a rule of evidence as applicable to prosecutions under section 1 of the said act. Therefore, when any part or parts of a still suitable to be used in the manufacture of prohibited liquors and beverages is found in the possession of a person, it is prima facie evidence that he is in possession of the complete still, although the other component parts are not found.

[3] That part of charge 10 refused to defendant, embodying the principle that the presentment of a grand jury is not evidence, was covered in given charge 9, that part fixing the burden of proof is covered in the court's oral charge.

[4] Charge G is argumentative, and that part of such charge asserting a correct proposition of law had already been amply covered by the court in his oral charge.

[5] There was no error in the several rulings of the court on the admission of testimony sought to be elicited from defendant on direct examination. The questions asked either sought the uncommunicated intentions of the defendant or called for evidence that was immaterial to the issues involved.

After reading the entire record, we find no error prejudicial to the defendant which would authorize a reversal.

The judgment is affirmed.

Affirmed.