(109 So. 179)

### WILSON v. STATE. (6 Div. 913.)

(Court of Appeals of Alabama. June 8, 1926.)

**1. Criminal law ⊙878(3).**

Verdict merely finding defendant guilty on one count operates as an acquittal on the others.

**2. Criminal law ⊙1167(2).**

Acquittal on one count renders harmless any error in rulings relating only to such count.

**3. Criminal law ⊙753(1).**

The evidence being conflicting, requested affirmative charge is inapt.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Bill Wilson was convicted of distilling, and he appeals. Affirmed.

C. Leroy Mayhall, of Haleyville, for appellant.

Counsel argues for error in rulings on the trial and cites Burnett v. State, ante, p. 274, 107 So. 321; Biddle v. State, 19 Ala. App. 563, 99 So. 59; Farmer v. State, 19 Ala. App. 560, 99 So. 59; Knight v. State, 19 Ala. App. 296, 97 So. 163.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

There is no error in the record.

BRICKEN, P. J. The conviction of this appellant, defendant below, rested upon the first count of the indictment. The verdict of the jury, as shown by the record, was:

"We, the jury, find the defendant guilty as charged in count one of the indictment."

Count 1 charged appellant with distilling, making, or manufacturing alcoholic, malted or mixed liquors or beverages, etc.

[1, 2] The verdict of the jury operated as an acquittal of the charge contained in the second count of the indictment; therefore all rulings of the court relating only to the second count of the indictment and the specific charge contained therein need not be considered, as the acquittal of the defendant by the jury of that charge renders innoxious each and every ruling of the court upon that count.

[3] As to the accusation, or charge, contained in count 1 of the indictment, the evidence was in conflict, rendering inapt the affirmative charge requested by defendant as to count 1. There was ample evidence to sustain the verdict of the jury and support the judgment of conviction.

Several objections were interposed during the trial, but exceptions were reserved in only two instances, and the rulings of the court to which the exceptions relate were so clearly free from error no discussion is necessary.

The court's oral charge was fair, full, and explicit. It covered every phase of the law relating to the issues involved. It is apparent that defendant was accorded a fair and impartial trial such as the law contemplates. More than this, the accused has no right to expect or demand.

Affirmed.