185 So. 191

## BEASLEY v. STATE.
### 4 Div. 454.

Court of Appeals of Alabama.

Nov. 8, 1938.

Rehearing Denied Dec. 20, 1938.

Ralph A. Clark, of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., and Effie Crittenden, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was in three counts. Count 1 charged grand larceny. Count 2 charged the buying, receiving, etc., of stolen property. Count 3 charged the burglary of a warehouse.

■ On the trial and after the evidence was all in, the court, at the request of the defendant, gave in his behalf the general affirmative charge as to counts 1 and 3; leaving for their consideration, under the evidence, count 2. This eliminates from our consideration any questions involving rulings applicable only to counts 1 and 3.

■ The law applicable to count 2 is well stated in the opinion of Bricken, P. J., in Jordan v. State, 17 Ala.App. 575, 87 So. 433: "In order to sustain a charge of buying, receiving, concealing, or aiding in the concealment of stolen property, knowing that it was stolen, and not having the intent to restore the same to the owner, etc., it is necessary to show by the evidence, beyond a reasonable doubt and to a

moral certainty: (1) That the goods in question had been feloniously taken and carried away, as charged in the indictment, by some one; (2) that the defendant bought, received, concealed, or aided in concealing these goods, knowing at the time that they were stolen; and (3) that he so bought, received, concealed, or aided in concealing these goods knowing that they were stolen, and not having the intent to restore same to the owner."

The foregoing statement of the law is sustained by numerous authorities, many of which are cited in the Jordan Case, supra.

■ We have searched this record carefully and we do not find evidence sufficient to connect this defendant with the crime charged in count 2 of the indictment. There is no evidence that this defendant ever received, or had anything to do with any property stolen from the warehouse of the Standard Oil Company; or that he ever bought, received, concealed, or aided in concealing, any such property knowing it to have been stolen.

In the absence of such evidence the defendant was entitled to the affirmative charge as to count 2, and its refusal was error.

Other questions presented need not be considered.

The judgment is reversed and the cause is remanded.

Reversed and remanded.