83 So.2d 254

### Giles SANFORD v. STATE.
### 6 Div. 103.

Court of Appeals of Alabama.

Nov. 1, 1955.

See also 37 Ala.App. 603, 75 So.2d 102.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

Tweedy & Beech, Jasper, for appellant.

HARWOOD, Presiding Judge.

This appellant has been found guilty by a jury of manslaughter in the first degree, his punishment being fixed at imprisonment in the penitentiary for a term of eight years. Judgment was entered pursuant to the verdict.

The evidence presented by the State was abundant to establish the appellant's guilt. Such evidence was directed toward showing that on a Sunday afternoon in August 1955 two young girls, Majorie Sides and Doris Wilhite, the deceased, were walking along the side of a highway in Walker County. The girls were walking along the left side of the highway, that is facing any oncoming traffic. Miss Sides testified that Doris may have been walking on the edge of the pavement, though another witness for the State testified both girls were off of the pavement.

The automobile driven by the appellant approached from the rear of the girls, swung to their side of the highway, and struck Miss Wilhite. One witness for the State estimated that appellant was travelling between 70 and 90 miles per hour at

the time Miss Wilhite was struck. She was knocked several yards by the impact, receiving massive injuries which must have caused instantaneous death.

The appellant did not slacken his speed, but continued on down the highway until out of sight of the witnesses to the collision. Just when or how his arrest was brought about is not disclosed by the record.

The only evidence offered by the appellant consisted of the testimony of two court reporters whose testimony was directed toward impeaching some of the State's witnesses by their testimony offered in a previous trial of this case.

Counsel for appellant argue that this cause should be reversed because of "numerous side remarks by the Solicitor" which were seriously prejudicial to the substantial rights of the accused. Counsel has set forth the pages in the record on which these alleged injurious side remarks occur.

■ We have carefully read the record in this regard. Most of the "side remarks" complained of were nothing more than grounds assigned by the Solicitor to objections he had interposed. These grounds were not specious. Even so, in practically every instance the court ruled in appellant's favor.

■ Several of the so called "side remarks" were made by the Solicitor in colloquy with defense counsel relative to the drawing of representations of the position of automobiles on a blackboard chart. These were drawn by counsel for appellant, though the Solicitor contended that the witness had not testified to such. The ensuing colloquy was improper. However, as we read the record it was tit for tat, and the trial judge was prompt and vigorous in instructing the jury as such instances occurred, and fully protected the rights of the accused. Certainly we are clear to the conclusion that no reversible error grew out of these instances.

During the direct examination of State's witness Franklin he testified that another car ahead of him on the highway was thirty or forty yards in front of Miss Wilhite when she was struck.

On cross examination he stated he had not so testified. Counsel for the appellant then had the court reporter read his direct testimony to effect as above set out.

On redirect he testified that if he had said the other car was in front of the girl when she was struck he was mistaken. He was then asked to refresh his recollection as to his testimony on direct examination in this aspect.

Appellant objected to further examination by the Solicitor of the witness along this line on the grounds that it was an attempt to impeach his own witness. The court overruled such objection, and exception was duly reserved to such ruling.

The witness then testified that he believed he had testified the car was thirty or forty yards back of the child when she was struck, and that if he had testified the car was in front of the child at the time he was mistaken, as the car was back of the child at the time.

■ The above was not an attempt by the Solicitor to impeach his own witness, but merely an effort to clear up some confusion and inconsistency that was present in the direct and cross examination. Clearly such procedure is permissible. Jarrell v. State, 35 Ala.App. 256, 50 So.2d 767, at pages 773, 774, and innumerable authorities therein cited.

■ Charge X 1 was refused without error. This charge was not predicated upon the evidence. Further, the principle enunciated in the charge was covered by charge X 7 given by the court at appellant's request.

■ Charges W 3, X 13, and X 12 set forth mere abstract propositions of law, and are not predicated upon the evidence. Their refusal was therefore not error. Further, charge W 3 seeks to inject contributory negligence, a rule applicable to suits for damages, and inapplicable to criminal prosecutions. Broxton v. State, 27 Ala.App. 298, 171 So. 390.

During the argument to the jury by the defense counsel the record shows the following:

"Mr. Selman: 'Of course the defendant feels extremely sorry this deceased was killed—'

"Mr. Wilson: I object to that, there is no evidence that the defendant is sorry.

"The Court: I sustain the objection to that statement.

"Mr. Selman: We except."

Counsel for appellant contend that the above constituted a comment by the Solicitor on the appellant's failure to testify. The argument by defense counsel was entirely dehors the record, and therefore improper. This was the very basis of the Solicitor's valid objection. Assignment of such ground was invited by the argument of defense counsel, and he is not now in position to complain that such ground was assigned. Further, the ground assigned to the objection was in nowise a direct reference to defendant's failure to testify. Broadway v. State, 257 Ala. 414, 60 So.2d 701; Littlefield v. State, 36 Ala. App. 507, 63 So.2d 565; Welch v. State, 263 Ala. 57, 81 So.2d 901.

Affirmed.