130 So.2d 58

**Wade G. FARRIS**

v.

**STATE of Alabama.**

I Div. 930.

Supreme Court of Alabama.

March 2, 1961.

Rehearing Denied May 25, 1961.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for petitioner.

B. F. Stokes, III, and Curtis L. Moody, Mobile, opposed.

SIMPSON, Justice.

Petition for certiorari to the Court of Appeals to review and revise the opinion and judgment of that court reversing the judgment of the Circuit Court adjudging W. G. Farris, appellant in the Court of Appeals, guilty of selling or removing personal property for the purpose of hindering, delaying, or defrauding Associates Discount Corp., the holder of trust receipts given by Farris for certain automobiles, and in rendering judgment discharging said Farris under the indictment.

The State contends that "the Court of Appeals erred in * * * holding that:

"1. Consent of the entruster to sell obviates any inference of intent on the part of the trustee to hinder, delay or defraud which might otherwise arise from a sale of encumbered personalty.

"2. Since the entruster consented in advance to such a sale, it had no claim on the automobiles capable of being frustrated."

■ No sufficient facts are stated in the opinion of the Court of Appeals to aid us in determining whether or not the quoted statements are accurate as applied to the facts of the case. We are, therefore, unable to undertake a review. Pigford v. Billingsley, 264 Ala. 29, 84 So.2d 664; 4 Ala. Dig., Certiorari, ⊕64(1), 68.

The quoted statements in the state's petition as the holdings of the Court of Appeals, of course, are to be applied to the facts in this case and are to be so considered. We cannot say, categorically, that they are misstatements of the applicable law.

Page 4 of the manuscript opinion of the Court of Appeals [130 So.2d page 56] refers to Subsection 2(c) of § 9 of the Uniform Trust Receipts Act of 1949, Laws 1949, p. 451, § 9, subd. 2(c), which relates to "liberty of sale", referred to in petitioner's petition as errors Numbers "1" and "2". There, of course, might be facts and circumstances proved against a defendant which might not exempt him from the general statement in the opinion of the Court of Appeals that consent of the entruster would relieve the defendant from criminal responsibility. As stated, however, we do not have any facts before us to consider in applying this proposition.

■ On the same page of the opinion of the Court of Appeals the Bulk Sales Act (Code 1940, Title 20, § 10, as amended) is referred to as also exempting the defendant from criminal responsibility. As pertinent, section 10 of the Bulk Sales Act provides that a sale of any portion of a stock of merchandise other than in the ordinary course of trade and a sale of an entire stock of merchandise in bulk or substantially in bulk shall be presumed to be fraudulent. Likewise with respect to this act, we are not given sufficient facts in the opinion of the Court of Appeals to determine whether or not the sale of the automobiles by defendant was exempt under said subsection of the Bulk Sales Act. The Court of Appeals held that it was. We are bound by this finding of fact. Pigford v. Billingsley, supra; 4 Ala. Dig., supra.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.

On Rehearing.

SIMPSON, Justice.

Opinion corrected and application for rehearing overruled.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.