350 So.2d 760 (1977)
Rodney M. LINER
v.
STATE.
5 Div. 396.
Court of Criminal Appeals of Alabama.
October 4, 1977.
*761 John Ben Jones, III, West Point, Ga., John W. Johnson, Jr., Lanett, for appellant.
William J. Baxley, Atty. Gen., and Eugenia D. B. Hofammann, Asst. Atty. Gen., for the State.
BOWEN, Judge.
The appellant was indicted and convicted for rape. Punishment was fixed at ten years imprisonment.
The sufficiency of the evidence is not argued on appeal. Therefore having determined that there was ample evidence to support the verdict of the jury, we will not belabor this opinion with a statement of the facts except where necessary to a full understanding of the issues presented.

I
A two count indictment was returned against the appellant. Count one was in statutory form and charged forcible ravishment. Title 14, § 395, Code of Alabama 1940, Recompiled 1958; Title 15, § 259(89), Code. Count two charged a violation of Title 14, § 397, Code, prohibiting having carnal knowledge of any woman or girl by administering any drug. The appellant filed a demurrer to count two alleging that it charged more than one offense alternatively, contained a definition subject to dispute, and was unconstitutionally vague. The appellant was convicted under count one only. Where the defendant is indicted under a two count indictment, specific mention of count one only in the verdict is in effect an acquittal of the charge under *762 count two. Farris v. State, 41 Ala.App. 51, 130 So.2d 54, cert. denied, 272 Ala. 278, 130 So.2d 58 (1961); Lewis v. State, Ala.Cr. App., 337 So.2d 108 (1976). Any alleged errors pertaining to a count as to which there was an acquittal will not be considered on appeal. Wilson v. State, 21 Ala. App. 431, 109 So. 179 (1926); Gresham v. State, 20 Ala.App. 187, 101 So. 909, cert. denied, 212 Ala. 190, 101 So. 910 (1924); People v. State, 28 Ala.App. 37,178 So. 238, cert. denied, 235 Ala. 216, 178 So. 240 (1938); Beasley v. State, 28 Ala.App. 395, 185 So. 191 (1939).

II
The appellant argues that it was reversible error for the prosecutor to repeatedly attempt to elicit testimony concerning the defendant's use and possession of drugs.
In each case where the prosecutor attempted to show that the victim had obtained drugs from the appellant on prior occasions the objection of defense counsel, if made, was sustained. In several cases the answer, if given, was excluded and the jury was instructed to disregard that evidence.
In its oral instructions to the jury the trial judge charged that:
"This is a rape case. This is not a drug case. And I know we all feel strongly about drugs. I'm sure you do, and none of you feel more strongly than I do about it. But you cannot let yourself be prejudiced one way or another in this case by the fact that drugs were involved. I instruct you not to be prejudiced against the complaining witness because of her involvement in drugs. I further instruct you not to be prejudiced against this defendant because of his involvement in drugs. This is a rape case. Now, I know you as a jury are going to do what's right and follow those instructions and not let yourselves be prejudiced either against the defendant or against the prosecuting witness because of all we've heard about drugs."
Through its frequent instruction the trial judge made it abundantly clear that the jury was to disregard any prejudicial inference against the defendant or the victim because of use or involvement with drugs.
This court is not authorized to cast error because of the possible cumulative effect of questions propounded to witnesses to which objections were sustained. Peyton v. State, 40 Ala.App. 556, 120 So.2d 415, cert. denied, 270 Ala. 740, 120 So.2d 429, cert. denied, 364 U.S. 870, 81 S.Ct. 114, 5 L.Ed.2d 93 (1960); Chapman v. State, 43 Ala.App. 689, 199 So.2d 861 (1967).
Moreover, defense counsel was responsible for bringing out a portion of the testimony concerning drugs in his cross examination of the state's witnesses. At one point he was cautioned by the trial court that by continuing a particular line of questioning he was opening the door for the very testimony he had complained of and objected to on direct examination. Defense counsel's response was, "We'll let the doors be open."
Finally, the jury did not convict the appellant of any drug related offense. This is significant and when coupled with the principles set forth above convinces this court that the appellant was not injured by the complained of testimony. Because the trial judge sustained the appellant's objections we do not determine whether the evidence was proper and admissible under that count of the indictment charging rape by the administration of drugs.

III
During defense counsel's cross examination of the prosecutrix the following occurred:
"MR. YOUNG (District Attorney): He's kind of browbeating her, your Honor.
"MR. WALLACE, SR. (Defense Counsel): If the Court pleases, you can't use very gentle tacticsI'd like to ask the questions in a kind way but when you're trying to get the truth out of a bunch of people that are smoking marijuana and using "T", you've got to use
"MR. YOUNG: If the Court please
"MR. WALLACE, SR.: the tactics necessary

*763 "MR. YOUNG: when you're trying somebody that's furnishing young people dope and marijuana, you've got to protest these tactics."
* * * * * *
"THE COURT: Ladies and gentlemen of the jury, you ignore, put out of your minds this exchange occurring between the attorneys."
From the record it appears that defense counsel got as good as he gave. It was "tit for tat". Sanford v. State, 38 Ala.App. 332, 83 So.2d 254 (1955). The prosecutor's statements were provoked by defense counsel and did not require a mistrial. Seals v. State, 282 Ala. 586, 213 So.2d 645 (1968). The statements were a reply in kind. Lane v. State, 46 Ala.App. 637, 247 So.2d 679 (1971).

IV
The appellant alleges that it was reversible error for the district attorney to state in closing argument that the prosecutrix was from a broken home. The trial court noted that the evidence revealed that the prosecutrix lived with her father and that her mother lived elsewhere. The fact that testimony was in evidence that the prosecutrix's mother and father lived in separate towns distinguishes this case from Harden v. State, 26 Ala.App. 94, 155 So. 719 (1934) cited by the appellant in support of his argument.
In argument to the jury, counsel may not argue as a fact that which is not in evidence, but he may state or comment on proper inferences from the evidence and may draw conclusions from the evidence based upon his own reasoning. Borden v. State, Ala.Cr.App., 337 So.2d 1388 (1976). Liberal rules are allowed counsel in drawing inferences from the evidence in their arguments to the jury, whether they are truly drawn or not. Mitchell v. State, 57 Ala.App. 601, 329 So.2d 658, cert. denied, 295 Ala. 412, 329 So.2d 663 (1976).
In this instance, the statement of the district attorney was a proper and allowable inference from the evidence.

V
In closing argument the district attorney referred to the appellant as a "rattlesnake" and a "viper" who sucks the blood from the youth of our country before they can reach maturity. While this argument was highly improper Cassady v. State, 51 Ala.App. 544, 287 So.2d 254 (1973), it is not reversible error. The trial court sustained appellant's objection to this type of argument and instructed the jury on what they were to consider. His motion for mistrial was overruled. As was noted in Cassady, supra, 51 Ala.App. 547, 287 So.2d 257:
"Had appellant thought that more corrective measures were necessary, it was incumbent upon him to move the court to exclude this remark from the jury's consideration. In the absence of such a motion, the question is not properly presented for revision. McGrew v. State, 21 Ala.App. 266, 107 So. 328; Stephens v. State, 250 Ala. 123, 33 So.2d 245."
We have reviewed the record for error prejudicial to the substantial rights of the appellant and have found none. Therefore the judgment of the trial court is due to be and is hereby
AFFIRMED.
HARRIS, DeCARLO and BOOKOUT, JJ., concur.
TYSON, P. J., concurs specially.
TYSON, Presiding Judge, concurring.
I concur in the opinion prepared in this cause by Judge Bowen. I would add, however, the following thoughts.
Necessarily no fixed standard can be applied to prejudicial remarks made by counsel during the course of trial, and each case must be judged on its own merits. Smith v. State, 282 Ala. 268, 210 So.2d 826.
Such comments, which are merely arguendo of the prosecutor's opinion, are generally within the limits of allowable forensic discussion. Sanders v. State, 260 Ala. 323, 70 So.2d 802.
*764 Necessarily, a wide discretion must be allowed the trial judge in regulating such argument.
As stated by former Presiding Judge Harwood, later Mr. Justice Harwood, in Bullard v. State, 40 Ala.App. 641, at 645, 120 So.2d 580, at 584:
"Of necessity a wide discretion must be allowed the trial judge in regulating the argument of counsel. Trials are adversary in nature. Vigorous prosecution and defense is to be expected. Neither defense counsel nor the prosecutor should be too closely hampered by niceties of speech if he is to be effective, but should be permitted to say his say in his own style. This of course does not mean that unfair and prejudicial argument is to be condoned for one instant."
See also Owens v. State, 291 Ala. 107, 278 So.2d 693; and Racine v. State, 290 Ala. 225, 275 So.2d 655.
I believe the prompt and emphatic instructions of the trial judge removed any prejudicial effect shown in the argument discussed in Parts 3, 4, and 5 of the principal opinion in this cause. Thus, no error is shown. Shadle v. State, 280 Ala. 379, 194 So.2d 538; Retowsky v. State, Ala.Cr.App., 333 So.2d 193; Napier v. State, Ala.Cr.App., 337 So.2d 62.