Appellant was indicted and convicted for robbery in the first degree, a Class A felony. Section 13A-8-41, Code of Alabama 1975. At sentencing, it was determined that appellant had been convicted of three prior felonies. The trial court, accordingly, fixed his punishment under the Habitual Felony Offender Statute to life imprisonment without parole. Section13A-5-9 (c)(3), Code of Alabama 1975.
 I
Appellant first questions the sufficiency of the State's evidence. He claims, in essence, that he was a victim of circumstances by merely being present at the scene when the robbery occurred. We disagree.
William L. Blakey, the manager of Jim's Package Store in Birmingham, testified that at approximately 7:50 p.m. on August 18, 1980, appellant walked into the store, followed by another young man, Larry Houston. Blakey's wife and Rickey T. Lewis, the owner of the store, were also present.
Blakey stated that as Houston walked into the store he pulled a green towel from his arm, revealing a pistol, and announced, "[T]his is a stickup." Simultaneously, appellant "walked straight ahead toward a blue box . . . and came right toward me and just stood there looking at me with a smirk on his face." Blakey told his wife to "Sack the money." Blakey testified that during the entire time the robbery was taking place appellant looked "straight at me. He didn't take his eyes off of me."
After the money was "sacked" Houston told appellant, "Let's go." Houston went out the door first and appellant "went right behind him." Blakey then reached for a pistol he kept beside the cash register and "went out right behind them," commanding Houston and appellant to "Stop." Blakey testified that Houston then "turned around and fired. And I fired, and his legs went out from underneath. And they were both on the ground." Blakey continued to hold Houston and appellant on the ground until the police arrived.
Ricky T. Lewis's testimony was substantially the same as Blakey's.
Larry Rouse, who was driving his automobile in the vicinity of Jim's Package Store at the time of the robbery, confirmed that he saw the two black men running from the store and Blakey, the white store owner, pursuing them. "I didn't know at that time what was going on until the store owner fired a gun. . . . I knew then that a robbery had taken place."
From the foregoing facts we find that the State's evidence was sufficient to support the jury's verdict. Section 13-9-1, Code of Alabama 1975, provides as follows:
 "The distinction between an accessory before the fact and a principal, between principals in the first and second degrees, in cases of felony, is abolished; and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid and abet in its commission, though not present, must hereafter be indicted, tried and punished as principals, as in the case of misdemeanors."
As this court stated in Watkins v. State, 357 So.2d 156, 159
(Ala.Crim.App. 1977), cert. denied, 357 So.2d 161 (1978):
 "Recognizing the principle that the mere presence of an individual at the time and place of a crime does not make him a party to that crime, it must also be remembered that the words `aid and abet' comprehend all assistance rendered by acts, words of encouragement or support, or presence, actual or constructive, to render assistance should it become necessary. No particular acts are necessary. Radke v. State, 292 Ala. 290, 293 So.2d 314 (1974). The common enterprise or adventure may have been entered into on the spur of the moment without pre-arrangement or preparation. Fuller v. State, 43 Ala. App. 632, 198 So.2d 625 (1966). The appellant's actual participation need not be proved by positive testimony; the jury is to determine whether it exists and the extent of it from the *Page 351 
conduct of the parties and all the testimony adduced. Knight v. State, 50 Ala. App. 457, 280 So.2d 163
(1973)."
Community of purpose may be formed in a flash, and participation and community of purpose may be shown by circumstantial evidence or inferred from the conduct of the participants. Smith v. State, 57 Ala. App. 151, 326 So.2d 680
(1975), cert. denied, 295 Ala. 419, 326 So.2d 686 (1976). Such facts as the defendant's presence in connection with his companionship, his conduct at, before, and after the commission of the act, are potent circumstances from which participation may be inferred. Smith, supra.
Where more than one person participates in a robbery it is immaterial which one takes the property. Gray v. State,52 Ala. App. 481, 294 So.2d 448 (1974). Nor must the evidence establish that the defendant personally committed violence against the victim or put the victim in fear. Crutcher v.State, 55 Ala. App. 469, 316 So.2d 716 (1975). And whether a defendant was forced at gunpoint into participating in the robbery by his accomplice is a jury question. Trammell v.State, 51 Ala. App. 168, 283 So.2d 620 (1973).
The State in this case, as in Watkins, supra, proved more than the mere presence of the appellant at the scene of the crime. Although appellant did not say a word, carry the gun or touch the money, his demeanor and actions during the course of the robbery demonstrated clearly that he intended to aid and abet Houston in committing the crime. Applying the principles of law which are set out above to the facts and circumstances of this case, we are convinced that the State's evidence was sufficient to sustain the conviction, notwithstanding the defense testimony that he had nothing to do with the robbery. "Where the evidence is conflicting as to the defendant's connection as an accomplice or co-conspirator, a jury question is presented." Watkins, 357 So.2d, at 160.
 II
Appellant contends that the prosecution made two improper comments during closing argument which were unsupported by the evidence. Again, we disagree.
First, there was testimony from store manager William Blakey that when he pursued appellant and Houston outside the store, Houston "turned around and fired" his pistol. In addition, John Hooban of the Birmingham Police Department testified that the .38 caliber revolver Houston was carrying, which was recovered at the scene, contained two bullets that had "misfired." Therefore, we find no error in the prosecution arguing: "I submit to you it's just by the grace of God by those bullets misfiring that Mr. Blakey is here today."
Secondly, appellant admitted from the witness stand that he had met Houston just prior to going inside the package store. Appellant testified that he knew Houston and considered him a friend. Appellant stated that when he asked Houston "What he was fixing to do" prior to the robbery, Houston responded, "I'm fixing to take care of some business." Appellant insisted that he didn't know what Houston meant "exactly," but admitted that he immediately walked into the store and that Houston came in right behind him. On the basis of appellant's testimony alone, we find no error in the prosecution arguing: "William Sanders met the juvenile out there and they together planned the robbery."
While in argument to the jury counsel may not argue as a fact that which is not in evidence, nevertheless, he may state or comment on proper inferences from the evidence and may draw conclusions from the evidence based upon his own reasoning.Liner v. State, 350 So.2d 760, 763 (Ala.Crim.App. 1977). "Liberal rules are allowed counsel in drawing inferences from the evidence in their argument to the jury, whether they are truly drawn or not." Liner, supra; Smith v. State,344 So.2d 1239 (Ala.Crim.App.), cert. denied, 344 So.2d 1243 (Ala. 1977). The prosecutor as does defense counsel, has the right to present his impressions *Page 352 
from the evidence; he may argue every matter of legitimate inference and may examine, collate, shift, and treat the evidence in his own way. Hayes v. State, 395 So.2d 127
(Ala.Crim.App. 1980); cert. denied, 395 So.2d 150 (Ala. 1981);McQueen v. State, 355 So.2d 407 (Ala.Crim.App. 1978).
The remarks made by the prosecution in this case were within permissible limits of proper argument. The inferences drawn by the prosecution were legitimate ones supported by the evidence. Accordingly, we find no error.
The trial court's judgment of conviction is due to be affirmed.
AFFIRMED.
All the Judges concur.