McMILLAN, Judge.
The appellant was found guilty of burglary in the third degree and was sentenced to fifteen years’ imprisonment.
The appellant contends that the evidence produced at trial was insufficient to support his conviction for third degree burglary. He offered the testimony that the appellant was walking down the street with several friends when he told them that he had to urinate. While they continued walking, he entered a vacant night club called the “Blue Room.” Adjacent to the “Blue Room” is “Mary’s Grocery,” which was burglarized that same evening. The burglar had knocked a hole in the wall between the “Blue Room” and the grocery store with a piece of iron and had kicked at the storage room door in order to unhinge it. In addition, William Portlock, the other person arrested at the scene, testified that he had committed the burglary alone and had not seen the appellant at the scene of the crime and did not know he had been there until the police had taken him down to the station. He alleged he knew the appellant by sight, as they had grown up in the same neighborhood, but that he did not know him by name.
Among the evidence offered by the State to support the appellant’s conviction was his presence in the “Blue Room” when the police arrived. The two arresting officers testified that the appellant was sweaty and covered with what appeared to be concrete dust, but they disagreed as to the amount of dust on his person. When he was discovered, the officer who arrested him stated that the appellant was in a crouched position hiding behind some boards. Mere presence at or near the scene alone is not sufficient to support a conviction for a crime based on circumstantial evidence, Jones v. State, 481 So.2d 1183, 1186 (Ala.Cr.App.1985), quoting Lollar v. State, 398 So.2d 400, 402 (Ala.Cr.App.1981); however, in the case at bar, the appellant’s presence in the “Blue Room,” the fact that he was apparently hiding from the police, and his appearance (hot, sweaty, and covered with concrete dust), sufficiently connect the appellant with this crime.
“ ‘A more proper and correct statement of the rule is that the fact that at or about the time of the commission of the offense with which the accused is charged, he and the accomplice were together, in or near the place where the crime was committed, may, in conjunction with other facts and circumstances, sufficiently tend to connect the accused with the commission of the crime to furnish the necessary corroboration of the accomplice.’ ” See also Dolvin v. State, 391 So.2d 133, 137 (Ala.1980).
Appellant contends that the evidence at trial does not exclude every reasonable hypothesis suggesting that he is innocent. The standard is “ ‘whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but *1318 whether a jury might reasonably so conclude.’ ” St. John v. State, 473 So.2d 658, 660 (Ala.Cr.App.1985), quoting Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). See also Thomas v. State, 335 So.2d 225 (Ala.Cr.App.1976).
“ ‘[W]e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the jury might so conclude.’ ” Dolvin v. State, 391 So.2d 133, 137 (Ala.1980). “ ‘Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant’s guilt is a question for the jury and not the court.’ Cumbo, at 875.” St. John v. State, supra, at 660-61.
Under the facts of this case, the jury had sufficient evidence to listen to the testimony and conclude that the appellant and his witnesses were not to be believed; that is, the facts are such that the jury could reasonably have excluded any hypothesis of innocence.
AFFIRMED.
All the Judges concur.