I concur in the majority's findings regarding defendant Calhoun. However, I dissent from the conclusion to suppress evidence seized in the search of defendant Schartau's person. I find that search justified as incident to Schartau's lawful arrest, the probable cause for which arose upon the "plain view" discovery of marijuana in defendant Calhoun's shirt pocket.
If, as found by the majority, probable cause to arrest defendant Calhoun arose upon the "plain view" discovery of marijuana in his pocket, then probable cause to arrest Schartau must similarly arise if the acts of Calhoun are imputable to Schartau. The relationship between Calhoun and Schartau, then, will determine the issue of whether there existed probable cause to arrest Schartau.
The majority finds that "the information given to the police implicated both Calhoun and Schartau equally." That information in substance consisted of testimony that Schartau and Calhoun would, together, make a trip in order to purchase marijuana. I believe this testimony supports the additional finding that Calhoun and Schartau acted jointly, in complicity with one another, in committing the criminal offense charged. *Page 816 
Under § 13A-2-23, Code of Alabama 1975, "[t]he applicable test for complicity is whether a defendant, with intent to promote or assist in the perpetration of an offense did aid or abet such other person in committing the offense." Prantl v.State, 462 So.2d 781, 783 (Ala.Crim.App. 1984). "Aiding and abetting comprehends all assistance rendered by acts, or words of encouragement, or support or presence, actual or constructive, to render assistance should it become necessary, and no particular acts are necessary." Id., citing Watkins v.State, 357 So.2d 156 (Ala.Crim.App. 1977), cert. denied,357 So.2d 161 (Ala. 1978); White v. State, 42 Ala. App. 249,160 So.2d 496 (1964); Fuller v. State, 43 Ala. App. 632,198 So.2d 625 (1966).
However, the "mere presence of a defendant in an automobile is not sufficient to . . . prove defendant guilty of aiding and abetting in . . . illegal possession." Parks v. State,46 Ala. App. 722, 724, 248 So.2d 761 (1971); Sanders v. State,423 So.2d 348 (Ala.Crim.App. 1982); Radke v. State, 52 Ala. App. 397, 293 So.2d 312 (1973). In addition to proving presence, the State must show some evidence that defendant "either recruited, helped, or counseled in preparing to commit the crime or took some part in its commission." Prantl v. State, supra, 462 So.2d at 783, citing Pugh v. State, 42 Ala. App. 499, 169 So.2d 27
(1964). See Jones v. State, 481 So.2d 1183 (Ala.Crim.App. 1985).
The evidence reveals that Schartau owned the vehicle in which he and Calhoun were occupants at the time of their arrest and which, it may be reasonably inferred, was used to make the trip to purchase the contraband seized. At trial, Sergeant Givens, one of the arresting officers, testified as follows:
 "Q At the time you got your information, were you told who was driving that automobile?
"A No, sir.
 "Q Do [sic] you know at the time the arrest was made that Mr. Schartau was not driving the automobile?
"A Yes, sir.
"Q Mr. Calhoun was?
"A Yes, sir.
"Q Do you know why Mr. Schartau was not driving?
"A I believe he had run into some trouble.
"Q He didn't have any driver's license?
"A Yes, sir.
"Q Didn't have a driver's license?
"A Yes, sir."
This evidence supports a finding that Schartau, without a driver's license of his own, "recruited" Calhoun as driver in "preparing to commit the crime" and "helped" Calhoun in the preparations for its commission by supplying the vehicle for Calhoun to drive. These findings, combined with Schartau's presence during Calhoun's unlawful possession, lead to the conclusion that Schartau "aided" Calhoun in that unlawful possession.
Moreover, all the evidence supporting this conclusion was known to the arresting officers before they searched Schartau's person. Consequently, an imputation to Schartau of Calhoun's unlawful possession was reasonable in light of this evidence.
Upon the plain view discovery of marijuana in Calhoun's shirt pocket, then, probable cause arose to arrest Schartau. The ensuing search of Schartau's person was thereby justified as a search incident to lawful arrest. I would find the marijuana seized admissible in the prosecution against Schartau and, therefore, would reverse the judgment of the Court of Criminal Appeals.