MADDOX, Justice.
We granted the petition for the writ of certiorari to review the Court of Criminal Appeals’ affirmance of G.G.’s adjudication of delinquency. The adjudication was based upon acts that would have constituted the offense of criminal mischief in the first degree.[1]
The sole question presented here is whether the State proved a prima facie case of criminal mischief against the petitioner. We find that it did not, and we reverse the judgment of the Court of Criminal Appeals and remand the cause to that Court with directions to reverse the judgment of the trial court and render a judgment for G.G.
The facts show the following: In July 1990, G.G. accompanied his parents to the Grand Hotel in Point Clear, Alabama, the site of a convention of insurance agents. At the time of the trip, G.G. was 12 years old. Many of the insurance agents attending the convention brought their families, and the hotel was virtually full.
One evening during the convention, some of the hotel staff discovered that the “Sky Lounge,” a large room in the hotel, had been vandalized. The damage consisted of a torn drape, writing on some of the furniture, and burns in the carpet. The room also had bits of trash scattered on the floor.
The next day Sergeant Garrick, a police officer, investigated the scene of the vandalism. He questioned several juveniles, including G.G., about the incident. Garrick filed a complaint against G.G. and two other juveniles in juvenile court. The juvenile court adjudicated G.G. to be delinquent, placed him on probation for 24 months, and ordered him to pay restitution of $1,350, plus court costs of $66.50. G.G. appealed. The Court of Criminal Appeals affirmed the adjudication of delinquency.
We have reviewed the record, and we conclude that the State failed to prove a prima facie case of criminal mischief in the first degree, as to this juvenile, upon which the adjudication of delinquency was based. Consequently, we must conclude that the trial court erred in denying G.G.’s motion for judgment of acquittal (A.R.Crim.P, Rule 20.2), which was made after the close of the State’s argument. Therefore, the Court of Criminal Appeals erred in affirming the adjudication.
*892 The State called three witnesses to prove its case; John Larocca, the catering manager of the hotel; Marion Price, the director of loss prevention for the hotel; and Sergeant Thomas Garrick of the Fairhope, Alabama, police department. Their testimony proved only that G.G.’s room key was found under a sofa in the lounge, that G.G. admitted that he dropped some candy wrappers on the floor of the lounge, and that G.G. “had some knowledge” of the damage to the lounge.
Larocca testified that two other juveniles blamed each other for the damage and that neither of the juveniles blamed G.G. Furthermore, he admitted that the candy wrappers did not damage the lounge. Price testified about the extent of the damage, but never mentioned G.G.; and Garrick testified that he did not know “whether or not [G.G] had direct visual knowledge [of the vandalism] or whether it was something he had heard,” but that G.G. did name someone as the culprit.
The statute defining criminal mischief in the first degree, § 13A-7-21, reads as follows:
“(a) A person commits the crime of criminal mischief in the first degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damage to property:
“(1) In an amount exceeding $1,000.00; or
“(2) By means of explosion.”
The motion for judgment of acquittal “is the criminal law equivalent of the motion for directed verdict provided for by Rule 50(a), A.R.Civ.P.” Rule 20.2, Ala. R.Cr.P., comment. A motion for judgment of acquittal must be granted where the evidence is insufficient to support a finding of guilty beyond a reasonable doubt. See, Maddox, Alabama Rules of Criminal Procedure, § 210.1, p. 576-77 (1990). In LaBarber v. State, 455 So.2d 941, 942 (Ala.Crim.App.1984), the Court of Criminal Appeals explained the duty of the trial court in ruling on a motion for a judgment of acquittal, as follows:
“The duty of the trial court in regard to appellant’s motion for judgment of acquittal was to determine whether there was any evidence at that juncture in the trial, even though entirely circumstantial, that the accused was guilty of the crime charged. As a corollary, this court may consider on review only such evidence as was before the trial court when the motion was made and ruled upon. Additionally, evidence presented by the State must be accepted as true, in a light most favorable to the State and the State must be accorded all legitimate inferences arising from the evidence presented.”
(Citations omitted.)
In order to defeat a defendant’s motion for judgment of acquittal, the State must prove, by substantial evidence, the elements of the charge and the defendant’s guilt beyond a reasonable doubt. Maddox, at § 20.1, p. 577.
“If ... it is found upon the record evidence adduced at trial that no rational trier of fact could have found proof of guilt beyond a reasonable doubt, then there can be no conviction, and the judgment can be set aside, even on habeas corpus petition. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).”
Maddox, § 20.1, p. 580.
In order to prove a person’s violation of § 13A-7-21, the State must prove four elements:
1. Actual damage to the property by that person;
2. That person’s intention to damage the property;
3. That that person had no right to damage the property;
4. Damage in excess of $1,000 or damage inflicted by an explosion.
In this case, the State failed to prove either that G.G. damaged the hotel property or that he had the intention to damage the property.
The Court of Criminal Appeals, in an unpublished memorandum, stated, “There was sufficient evidence that G.G. was legally responsible for the total damages due *893 to the vandalism because he aided and abetted others with his presence and in the trashing of the lounge. See Ala.Code 1975, § 13A-2-21, and Sanders v. State, 423 So.2d 348 (Ala. [Crim.] App.1982).” See 587 So.2d 1111.
We find that the Court of Criminal Appeals’ reliance on § 13A-2-21 and on Sanders is misplaced. It is apparent that the Court of Criminal Appeals held that this petitioner could be adjudicated a delinquent by a showing that he was present at the time the alleged criminal mischief occurred and that there was evidence of a “trashing of the lounge.”
Section 13A-2-21, entitled “Criminal liability based upon behavior of another— Accountability imposed by statute,” states the following:
“A person is legally accountable for the behavior of another person if he is made accountable for the behavior of such person by the statute defining the offense or by specific provision of this title.” •
The purpose for this statute is discussed in the commentary:
“This section states that this chapter leaves undisturbed those situations in which particular statutes have imposed, or have been construed to impose, an extraordinary measure of accountability for the behavior of another not recognized in the remaining sections of this article.”
Ala.Code 1975, § 13A-2-21, comment. This section provides for liability for the behavior of another only if the statute violated imposes such liability. Section 13A-7-21 contains no provision for liability for the acts of another.
In Sanders, the Court of Criminal Appeals affirmed the defendant’s conviction for first degree robbery. Sanders and his accomplice, Houston, entered a store together; Houston then aimed a pistol at the store clerk, while Sanders stood near the clerk in an intimidating posture. Houston told the clerk, “[T]his is a stickup,” and the clerk gave Houston the store’s money. In affirming G.G.’s adjudication of delinquency, the Court of Criminal Appeals held that G.G.’s mere presence was the equivalent to “aiding and abetting,” holding impliedly that the Sanders opinion stands for the proposition that “mere presence” at the scene of the crime establishes guilt. However, the Court of Criminal Appeals correctly stated in Sanders that “the mere presence of an individual at the time and place of a crime does not make him a party to that crime.” Sanders, 423 So.2d at 350. See Caulton v. State, 500 So.2d 1316 (Ala.Crim.App.1986); Jones v. State, 481 So.2d 1183 (Ala.Crim.App.1985).
The State’s evidence that G.G. might have been involved in the vandalism was circumstantial, and we conclude that the State’s evidence was not sufficient to prove beyond a reasonable doubt the elements of the charge against G.G. “[Circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence.” Cumbo v. State, 368 So.2d 871, 875 (Ala.Crim.App.1978).
Here, the State proved only that G.G. dropped some candy wrappers on the floor of the lounge. Admittedly, the dropping of the wrappers on the floor of the lounge did not cause any damage. Although G.G. admitted being in the lounge at one time, the State submitted no evidence that G.G. was in the lounge at the time of the vandalism.
Based on the foregoing, we hold that the trial court erred by not granting G.G.’s motion for a judgment of acquittal made after the close of the State’s case. The Court of Criminal Appeals’ judgment affirming the adjudication of delinquency is, therefore, reversed, and the cause is remanded with instructions for that court to reverse the judgment of the trial court and to enter a judgment for the juvenile.
REVERSED AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and ADAMS, KENNEDY and INGRAM, JJ„ concur.

. Ala.Code 1975, § 13A-7-21.