### McGREW v. STATE. (6 Div. 844.)

(Court of Appeals of Alabama. Feb. 9, 1926.)

1. **Criminal law ⚖️207(3)—Inferior court, issuing affidavit and warrant in liquor prosecution, may make warrant returnable to circuit court (Loc. Acts 1923, p. 44, §§ 2, 5).**

In prosecution for violation of prohibition laws, claim that inferior court, issuing affidavit and warrant, had jurisdiction and authority to hear and finally determine the case, and was therefore without authority to make warrant returnable to circuit court, *held* without merit, in view of contrary provisions in Loc. Acts 1923, p. 44, §§ 2, 5.

2. **Criminal law ⚖️1167(1)—Objection to complaint properly overruled, where it sufficiently charged the offense.**

Where affidavit or complaint in liquor prosecution sufficiently charged the offense complained of, other objections to complaint were properly overruled.

3. **Criminal law ⚖️1151.**

Reversible error cannot be predicated on action of court in refusing to continue case on motion of defendant.

4. **Criminal law ⚖️564(1)—Express proof that offense was committed in county where indictment was found held not necessary.**

In criminal cases, it is not necessary to expressly prove that offense was committed in county where indictment was found; evidence from which jury could so infer being sufficient.

5. **Criminal law ⚖️564(1)—Evidence held to show that offense was committed in territory over which court of misdemeanors issuing warrant and circuit court trying the case had jurisdiction (Loc. Acts 1923, p. 42; Loc. Acts 1919, p. 62).**

In prosecution for violating the prohibition laws, evidence *held* to show that place of commission was a subdivision over which both court of misdemeanors created by Loc. Acts 1923, p. 42, issuing the warrant, and circuit court trying the case, had jurisdiction under Loc. Acts 1919, p. 62.

6. **Criminal law ⚖️1036(8)—Without request of general charge predicated on failure of proof of venue, it cannot be claimed that venue was not sufficiently proved (circuit and inferior courts rule 35; Code 1923, p. 907).**

Where general charge, predicated on failure of proof as to venue, was not requested by accused as required by circuit and inferior courts rule 35, claim that venue was not sufficiently proved was without merit.

7. **Criminal law ⚖️364(1)—Testimony that defendant, a woman, was dressed in men's overalls at time of offense, held admissible as part of res gestæ.**

In prosecution for violating prohibition laws, testimony that, at time of offense, defendant, a woman, was coming out of house dressed in men's overalls was not objectionable as casting opprobrium upon the accused, and in any event testimony was admissible as part of res gestæ.

8. **Intoxicating liquors ⚖️236(5), 238(1) — Possession by defendant of liquor when arrested and her explanation held to present question for jury and to justify conviction.**

In prosecution for violating prohibition laws, evidence as to possession by defendant of whisky, on apprehension, together with defendant's explanation thereof, *held* to make a question for the jury, and was ample evidence justifying conviction.

---

**9. Criminal law ⬤⟶1044.**

To present rulings on alleged improper argument of counsel for review, a motion to exclude argument must be made.

**10. Criminal law ⬤⟶722(2)—Remarks of counsel held to be mere conclusions, not objectionable as statements of fact.**

In prosecution for violating prohibition laws, remarks of counsel: "If you believe the testimony this is a self-confessed law violator. Telling you that she carried whisky out of that house under a misapprehension. Then, perchance, if you have an occasion to review your likeness in the mirror, look up there and say that you believe in anything"—were mere conclusions, not statements, of facts and hence not objectionable.

**11. Criminal law ⬤⟶719(1)—Statement of counsel, to be objectionable, must be one of fact, unsupported by any evidence, pertinent to the issue, and influencing the jury.**

For a statement of counsel to come within rule prescribing limits of fair discussion, it must be made as of fact, unsupported by any evidence, pertinent to the issue, and tending to influence the jury.

**12. Criminal law ⬤⟶723(1), 724(1)—Prosecuting officer cannot resort to gross abuse and appeals to prejudice to obtain conviction.**

One accused of a criminal offense is entitled to a fair and impartial trial, and prosecuting officer cannot resort to gross and unwarranted abuse and appeals to prejudice to obtain a conviction.

**13. Criminal law ⬤⟶815(9)—Requested charge that finding liquor on defendant's premises would not authorize conviction unless defendant was connected therewith held properly refused as pretermitting evidence.**

In prosecution for violating prohibition laws, refusal of requested charge that finding of liquor on defendant's premises will not authorize conviction, unless defendant is connected therewith by ownership or possession, *held* not error, since charge pretermitted consideration of material evidence.

**14. Criminal law ⬤⟶789(16)—Requested charge, using words "possibility of defendant's innocence," was properly refused.**

In prosecution for violating prohibition laws, requested charge, using words "possibility of defendant's innocence," *held* properly refused, since a possibility of innocence will not justify an acquittal.

**15. Criminal law ⬤⟶1056(1).**

Alleged error in oral charge is not presented for review, where no exception was noted to any part of charge.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Annie McGrew was convicted of violating the prohibition laws, and she appeals. Affirmed.

The following remarks, used by the solicitor in argument to the jury, were objected to and moved to be excluded by the defendant:

"If you believe the testimony, this is a self-confessed law violator. Telling you that she carried whisky out of that house under a misapprehension. Then, perchance, if you have an occasion to review your likeness in the mirror, you look up there and say that you believe in anything."

Charge 23, refused to defendant, is as follows:

"(23) I charge you that evidence which only shows the prohibited liquors were found on defendant's premises is insufficient to authorize you to convict the defendant, unless you further believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant was in some manner connected with said liquors by way of ownership or possession."

Benton & Bentley, of Bessemer, for appellant.

Demurrer to the complaint should have been sustained. Code 1923, §§ 4556, 4644. Jurisdiction and venue must be proven. McGuire v. State, 95 So. 565, 19 Ala. App. 138; Holder v. State, 97 So. 613, 19 Ala. App. 395. Testimony that defendant was dressed in men's overalls was improperly admitted. Delaney v. State, 87 So. 183, 204 Ala. 685. The remarks of the solicitor in argument should have been excluded. Gardner v. State, 87 So. 885, 17 Ala. App. 589; Anderson v. State, 95 So. 171, 209 Ala. App. 36; Guin v. State, 94 So. 788, 19 Ala. App. 67; Elliott v. State, 97 So. 115, 19 Ala. App. 263. Charge 23 was correct, and should have been given. Ex parte State, 97 So. 426, 210 Ala. 55.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The complaint sufficiently charged the offense, and was not subject to demurrer. Code 1923, §§ 4621, 4646. Testimony as to venue was properly allowed. Eaton v. State, 101 So. 94, 20 Ala. App. 110; Local Acts 1919, p. 62; Bufkins v. State, 103 So. 902, 20 Ala. App. 457. Testimony as to how defendant was dressed and what she had when coming out of the house was properly admitted. Vincent v. State, 104 So. 686, 20 Ala. App. 637; Adkisson v. State, 104 So. 674, 20 Ala. App. 629. There was no impropriety in the argument of the solicitor. Williamson v. State, 102 So. 485, 20 Ala. App. 394; Soutoula v. State, 102 So. 151, 20 Ala. App. 364. A possibility does not amount to a probability. Wilson v. State, 101 So. 417, 20 Ala. App. 137. Where no exception is reserved to the oral charge, nothing is presented for review. Horton v. State, 100 So. 620, 20 Ala. App. 55.

BRICKEN, P. J. The offense charged against the appellant was the violation of

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the state prohibition laws, and the prosecution originated by affidavit and warrant issued by the judge of the inferior court at Bessemer; the warrant being returnable direct to the circuit court. From a judgment of conviction in the circuit court, this appeal was taken.

[1] It was insisted by demurrer and otherwise that the inferior court of Bessemer had jurisdiction and authority to hear and finally determine this case, and was therefore without authority to make the warrant returnable to the circuit court. However, this insistence is wholly without merit, and is in the very teeth of the statutory provisions governing the questions involved. Local Acts 1923, p. 43 et seq. By said act, the "Bessemer court of misdemeanors was created and established, and section 2 of said act provides:

"That the judge of the inferior court of Bessemer, Alabama, shall be and shall act as the ex officio judge of the Bessemer court of misdemeanors. Any judge or person authorized to act as judge of said inferior court of Bessemer, shall by virtue thereof be authorized to and shall act as ex officio judge of said Bessemer court of misdemeanors."

The act, also expressly provides that said court shall not have jurisdiction of offenses for violation of the prohibition laws; and by section 5 of said act, in addition to other duties and authority, it is provided that said ex officio judge of said court may take affidavits and issue warrants in misdemeanor cases directly returnable to any other court having jurisdiction thereof, although his court has final jurisdiction of said misdemeanors.

[2] The affidavit or complaint, in proper form and substance, sufficiently charged the offense complained of; therefore other objections to the complaint, by demurrer or otherwise, were properly not sustained.

[3] We cannot predicate reversible error upon the action of the court in refusing to continue this case upon motion of defendant. Carr v. State, 16 So. 150, 104 Ala. 4, 14; Biddle v. State, 100 So. 572, 20 Ala. App. 49.

[4-6] It is insisted that the venue was not sufficiently proven. This insistence is without merit. The law is, in criminal cases it is not necessary to prove in express terms that the offense was committed in the county (here, subdivision of the county) where the indictment was found; evidence from which the jury could so infer is sufficient. Tinney v. State, 20 So. 597, 111 Ala. 74. In the case at bar, state witness Stephenson testified on this subject that the offense complained of occurred at Keys Hill (in fact all the evidence is to that effect). The witness testified, "If Keys Hill is not in beat 55, it is in beat 53." Reference to the act, supra, discloses that both beats 53 and 55 are in the territorial subdivision over which the Bessemer court of misdemeanors has jurisdiction; and the Bessemer division of the circuit court of Jefferson county also has jurisdiction of beats 53 and 55, by virtue of an act of the Legislature approved August 18, 1919 (Local Acts 1919, p. 62 et seq.). See, also Hardeman v. State, 99 So. 53, 19 Ala. App. 563. Moreover, the general charge was not requested by defendant, predicated upon failure of proof as to venue, as required by circuit and inferior courts rule 35. Volume 4, Code 1923, p. 907.

[7] Over the objection of defendant, the court allowed the state to prove by its witness Stephenson that, at the time of the alleged commission of the offense, the defendant, a woman, was coming out of the house dressed in men's overalls. It is seriously insisted that this testimony was calculated to cast opprobrium upon the accused, but we are not prepared to so hold, in view of the changed conditions of these modern times. However, the matter involved was of the res gestæ, and therefore admissible.

[8] The undisputed evidence in this case disclosed that the arresting officers apprehended this appellant as she was coming out of her house dressed in overalls, and at that time she had in her possession a gallon jug full of whisky, and that, upon further search, the officers found large quantities of whisky in her house where she lived. These facts, coupled with her explanations as to her possession of the whisky, etc., made a question for the jury; and this court is clearly of the opinion that the evidence adduced upon this trial was ample to justify the jury in the verdict rendered, and to sustain the judgment of conviction from which this appeal was taken.

[9-11] It is next insisted that the solicitor resorted to improper remarks during his closing argument to the jury and that the court committed reversible error in its rulings in this connection. It appears from the record that objections were interposed to three separate statements made by the solicitor in his closing argument. As to the first two of these remarks, it does not appear that motion was made to exclude them, and this is necessary in order to properly present the question for revision. There was objection and also motion to exclude the last of the three remarks complained of, and exception duly reserved to the overruling of the objection and denying the motion to exclude. An examination of each of the remarks complained of discloses that such remarks were mere conclusions and not statements of facts; and, in order for a statement to come within the rule which prescribes the limits of fair discussion—

"the statement must be made as of fact; the fact stated must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury." Cross case, 68 Ala. 476.

[12] While this is the rule, it is also true that the law contemplates a fair and impar-

tial trial to every person upon trial for a criminal offense. It is true, too, that a prosecuting officer should be zealous in the discharge of his duties, and it is proper to urge a fearless and unflinching administering of the criminal law; but the law does not contemplate, nor is it any part of the duty of a prosecuting officer to resort to gross and unwarranted vituperation, abuse, and appeals to prejudice in order to foster convictions upon an accused. In this connection special reference is made to the case of Rowe v. State, 101 So. 91, 20 Ala. App. 119. As stated in the Rowe Case, supra:

"If prosecuting attorneys and counsel employed in the defense would guard their utterances and regulate their conduct in the trial of a case as outlined in above [quoted] excerpt * * * few if any cases, would be reversed on appeal because of improper, erroneous, or mistaken conduct upon the part of counsel."

[13] There was no error in refusing charge 23, requested by defendant. This charge pretermits the consideration of material evidence adduced upon this trial, which tended to show that the arresting officers saw the defendant in actual possession of one gallon of whisky, and also found large quantities upon her premises. The charge is otherwise objectionable.

[14] Charge 28 uses the words "possibility of the defendant's innocence." This charge was properly refused. A possibility of innocence does not require and will not justify an acquittal. Sims v. State, 14 So. 560, 100 Ala. 23; Nichols v. State, 14 So. 539, 100 Ala. 23. There is a wide difference between a "probability" of innocence, and "possibility" of innocence. Sims' Case, supra.

[15] The insistence by counsel for appellant, that the court erred in its oral charge, is not presented, as no exception to any portion of the court's oral charge is noted.

We have considered and discussed every insistence of error here presented. They are all clearly without merit. No error appears on the record proper. The judgment of conviction in the lower court is affirmed.

Affirmed.