287 So.2d 254

**Ronald CASSADY**

v.

**STATE.**

**4 Div. 223.**

Court of Criminal Appeals of Alabama.

Dec. 4, 1973.

J. D. McKinstry, Jr., Dothan, for appellant.

William J. Baxley, Atty. Gen., and D. Leon Ashford, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery and his punishment fixed at imprisonment in the penitentiary for a term of thirty years. An attorney was appointed to represent him, and at arraignment he entered a plea of not guilty. At the time he was sentenced he gave notice of appeal, but waived suspension of sentence pending appeal. On May 16, 1973, the case was submitted in this court on the record proper. On May 29, 1973, we remanded for a free transcript of the testimony. On October 29, 1973, the cause was submitted on briefs. The attorney who represented appellant at trial also represents him on appeal.

Appellant was put to trial before a jury on the following indictment (omitting the formal parts):

"* * * THE GRAND JURY OF SAID COUNTY CHARGE THAT, BEFORE THE FINDING OF THIS INDICTMENT Ronald Cassady and Danny Cassady, whose names are to the Grand Jury otherwise unknown, feloniously took 200 $1.00 bills in the lawful money of the United States of America of the value of $200.00, and ½ oz. Cocaine Crystals, 100 Demerol APAP tablets, 100 Dexedrine 5mg tablets, 100 Codeine Phosphate HT ½ gr. tablets, 100 Codeine Phosphate HT 1 gr. tablets, 400 Empirin Compound # 3 tablets, 100 Demerol 50mg tablets, 2 Demerol Injection 50mg per cc 30 cc (D–150), 2 Leritene Injection 30 cc, 50 Mepergan Fortis Capsules, 60 Bamadex Sequels, 24 Leritene Tablets and 100 Proval with Codeine gr. ½ capsules of the aggregate value of to-wit: $88.00, all the property of A. L. Tomlinson, from his person, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama. * * *"

A severance was granted.

On November 18, 1972, two men walked into Woodland Pharmacy, located on the corner of Fortner Street and Hartford Highway in Dothan, Alabama, and at gunpoint took the money and drugs set forth in the above indictment. In the drugstore at the time were A. L. Tomlinson, the owner, and a seventeen-year-old girl employee, Miss Debbie Storey.

Miss Storey testified that at 6:15 P.M. on that date these two men came into the store. The man in front said, "this is a holdup," and pulled out a gun. Mr. Tomlinson said, "okay" and the man told him he wanted the drugs and Mr. Tomlinson walked to the back to the narcotics cabinet and opened it. The other man told Miss Storey he wanted the money. She opened the cash register and put the money in a bag and asked him if he wanted to check it and he said "no." The man who took the money told his companion, who was getting the drugs, to hurry. The man with the pistol told the man with the money to cut the telephone wires. He pulled a switchblade knife and cut the wires. Both men then walked out.

Miss Storey described the man with the pistol, saying, "Well, he walked in with a bouncey-step; he had long blondish hair; and he had light-colored eyes; and he was sort of on the slim side; and he was about six-feet tall." In describing the other man, she said, "He had sort of greenish eyes; and his hair was—was back like this (Indicating) and it was shorter than it is now; and it was reddish-brown hair." She further said his complexion was sort of rough—like he might have had a slight case of acne when he was a teenager. He was wearing a blue cotton jacket and nice looking blue pants. She positively identified appellant in court as the man who took the money and cut the telephone wires.

At the trial appellant's face was somewhat smooth and his hair was coal black. Miss Storey testified that notwithstanding appellant's hair was coal black at the trial,

she observed him for five minutes in a well-lighted store during the robbery and could not be mistaken in her identification. She further testified she picked photograph of appellant out of five photographs of different individuals a few days after the robbery. This photograph showed appellant with reddish-brown hair and a pock-marked face.

Mr. Tomlinson gave substantially the same description of the appellant as that Miss Storey gave and he, too, made a positive in-court identification of appellant, saying, "As I saw him that night, he was a somber-looking person, you know. Not one to speak very much. Mean sort of looking fellow. The color of his hair was reddish-brown. His facial features was, like I said, a somber-looking fellow, with a kind of acne blemish; circles kinda dark around his eyes."

From the record:

"Q. Is your identification of this man here today from the picture you picked out, or from your seeing him on the day of the robbery?

"A. This is the face I remember looking pointedly into on the day of the robbery."

■ Appellant offered no testimony in his behalf. There was no motion to exclude the state's evidence, no request for the affirmative charge and no motion for a new trial seeking to set aside the verdict after judgment. In this state of the record, the sufficiency of the evidence on which to base a conviction is not before this court. Davis v. State, 48 Ala.App. 629, 266 So.2d 839; Mims v. State, 23 Ala.App. 94, 121 So. 446.

During the closing arguments to the jury, the following occurred:

"MR. MCKINSTRY: Now, we object to this whole line of argument. There is no evidence whatsoever of there being any difficulty being connected in anyway

with this robbery. Mr. Harrison is just going off on a tangent and just rambling.

"THE COURT: I think that's permissible argument, and I will overrule the objection.

"MR. MCKINSTRY: We except.

"MR. MCKINSTRY: We object to that, Your Honor. There has been no evidence of that.

"THE COURT: I overrule the objection. I think that is permissible argument."

\*    \*    \*    \*    \*    \*

"MR. MCKINSTRY: Now, we object to that, Your Honor. That is highly prejudicial, referring to my client as a demon.

"THE COURT: Sustain the objection to that.

"MR. MCKINSTRY: We ask the Court to declare a mistrial. That is highly prejudicial in the minds of the jury.

"THE COURT: I will overrule your motion for a mistrial. Stay within the evidence, Mr. White.

"MR. MCKINSTRY: We except to the Court's ruling."

▮  The first exception to the state's closing argument presents nothing for review by this court. The argument is not set out in the record. We quote from Ferguson v. State, 36 Ala.App. 358, 56 So.2d 118, wherein Judge Harwood, writing for the court, said:

"If one counsel's argument passes beyond the bounds of legal propriety in the judgment of the other counsel, it is the duty of the latter to object specifically, and point out substantially the *language*

deemed objectionable. Only when this is done can an appellate court know with reasonable certainty what was said in the court below." (Emphasis added).

The *Ferguson* case, supra, was cited with approval by the Supreme Court in McClary v. State, 291 Ala. 481, 282 So.2d 384.

In Jefferson County it is the duty of the court reporter, in most cases, to transcribe the argument of counsel and include same in the transcript on appeal. In other counties of the state there is no such duty, except where objection is made. This case was tried in Houston County.

▮  As to the second objection to the argument of counsel for the state, we agree with appellant that the prosecuting attorrney should never demean a defendant by unwarranted vituperation, abuse, and appeals to prejudice in order to foster convictions upon an accused. It was highly improper to refer to appellant as a demon, even though he may have possessed such evil traits of character.

The trial court sustained appellant's objection to this type argument, but overruled his motion for a mistrial. Had appellant thought that more corrective measures were necessary, it was incumbent upon him to move the court to exclude this remark from the jury's consideration. In the absence of such a motion, the question is not properly presented for revision. McGrew v. State, 21 Ala.App. 266, 107 So. 328; Stephens v. State, 250 Ala. 123, 33 So.2d 245.

We have diligently searched the record for errors requiring a reversal and have found none. This judgment is due to be and is hereby affirmed.

Affirmed.

All the Judges concur.