TYSON, Judge.
Paul Eugene Webster was indicted for escape in the first degree, entered a not *300 guilty plea which was subsequently withdrawn after conferring with counsel, and thereafter a plea of guilty was entered and a sentencing hearing was conducted at which the appellant admitted five prior felony convictions. The trial court determined that the appellant should be sentenced as a habitual offender and sentenced the appellant to imprisonment in the penitentiary for life with this sentence to run concurrently with the five prior sentences. The appellant gave notice of appeal and requested counsel, who now prosecutes this appeal.
In open court, following questions by the trial judge, the appellant stated that he was a high school graduate, twenty years of age, fully understood the English language, and could read and write. The appellant then stated that he had conferred with his trial counsel and wished to withdraw his not guilty plea and enter a plea of guilty and thereafter agreed that the trial court would proceed with a habitual offender hearing pursuant to law.
Thereafter the trial court explained the nature of the charges against the appellant and took evidence on his plea of guilty to the charge of escape in the first degree. The record is as follows: (R. 3-8).
“THE COURT: Let me explain this to you, now. You are charged here, with escape in the first degree. That last Code Section that I have just referred to, the Code Section referring to the Alabama Habitual Offender Act, it provides that anyone who is convicted of a Class B Felony, which escape in the first degree is, and who has been convicted prior to that time for three other felonies, prior to the commission of the present offense shall be punished upon conviction at life in the penitentiary. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Now, before a Habitual Offender Hearing can be held, you have certain rights. The Habitual Offender Hearing is set for a day certain. In addition to that you must be served, you have the right to be served, with notice of the prior convictions that the District Attorney intends to present against you. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: And you have, of course, the right to produce evidence to show that you have not been convicted of these offenses in the past. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: In other words, the entire burden of proof is not only on the State of Alabama to allege these prior convictions; but the burden is on them also to prove that you have been in fact convicted of these prior convictions. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Now, with you understanding that, do you at this time waive your right to notice of these prior convictions?
“THE DEFENDANT: Yes, sir.
“THE COURT: Waive your right to have the proof adduced as to the prior convictions; do you waive that right?
“THE DEFENDANT: Yes, sir.
“THE COURT: And you are prepared at this time to proceed not only with the sentence hearing on this particular charge, that is escape in the first degree, but also to proceed on the hearing as a Habitual Offender?
“THE DEFENDANT: Yes, sir.
“THE COURT: Is this after going over with your attorney, Mrs. Davis, all of your rights in connection with this?
“THE DEFENDANT: Yes, sir.
“THE COURT: Mrs. Davis, have you gone over all of these rights with him?
“MRS. DAVIS: Yes, sir, because of the nature of this plea we have been over them extensively.
“THE COURT: Very well. Well, then, let me explain to you, Mr. Webster, what you are charged with. You are charged here in this case with escape in the first degree. Let me explain what it is.
“A person commits the crime of escape in the first degree if: he employs physical force, a threat of physical force, a deadly *301 weapon or dangerous instrument in escaping or attempting to escape from custody; or having been convicted of a felony he escapes or attempts to escape from custody imposed pursuant to that conviction; or that he escapes, or attempts to escape, from a penal facility.
“Escape in the first degree is a Class B felony, as I have already explained to you.
“Now, I think in this case that it is not alleged that you used a dangerous instrument, but I think it is being alleged that at the time when you escaped that you had been convicted of a felony; is that correct?
“THE DEFENDANT: Yes, sir.
“THE COURT: Anyone who is found guilty of escape in the first degree can be punished by not less than two nor more than twenty years in the penitentiary. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: But, as I have already explained to you this being a Class B felony, if you had been previously to that time convicted of three or more other felonies, then the punishment would be as the Code provides life in the penitentiary. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Now, in this particular case, Mr. Webster, you are charged with having escaped or attempting to escape from a penal facility, that is the Opelika City Jail, in violation of Section 13A-10-31 of the Code of Alabama; which is one of the alternates that I have just read to you a while ago.
“Now, are you guilty of that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Tell me what you did?
“THE DEFENDANT: I knocked a hole — well I dug a hole in the wall of the City Jail, and went out and went to the back door, a screen door there that has a small lock on it. I stuck the blade of a pocket knife in the lock trying to open it and the knife broke off in it. And I figured that I couldn’t get out and I crawled back in the hole, and got stuck trying to get back in the hole.
“THE COURT: You got stuck?
“THE DEFENDANT: Yes, sir.
“THE COURT: You mean you got your body stuck?
“THE DEFENDANT: Yes, sir.
“THE COURT: And you had already broke out?
“THE DEFENDANT: Yes, sir.
“THE COURT: And you were trying to get back in to unlock the door?
“THE DEFENDANT: No, sir. I got out, I was out trying to unlock the door, and well, I couldn’t get the door unlocked, so, I tried to crawl back in the cell.
“THE COURT: All right. What were you trying to open the door for?
“THE DEFENDANT: So I could get on the outside.
“THE COURT: In other words, you had gotten out of the cell there?
“THE DEFENDANT: Yes, sir.
“THE COURT: But you hadn’t gotten out of the building; is that correct?
“THE DEFENDANT: Yes, sir.
“THE COURT: So, you tried to get back in the cell and that’s when you got stuck?
“THE DEFENDANT: Yes, sir.
“THE COURT: So, you are telling me that you are guilty of escaping, or attempting to escape from the Opelika City Jail?
“THE DEFENDANT: Yes, sir.”
Following the above colloquy, the trial court then allowed the appellant to confer with his counsel and the record thereafter contains a full Boykin v. Alabama colloquy, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), at which each of appellant’s rights were fully explained, including the nature of the charges and the punishment which would be imposed under the law. The appellant then entered his guilty plea and the court proceeded with the habitual offender hearing, at which certified copies of five prior convictions were placed in evidence, these being grand larceny in Montgomery County on June 3, 1976, kidnapping in Montgomery County on September 22,1976, a second kidnapping in Montgomery County *302 on September 22, 1976, grand larceny in Lee County on October 12, 1977, and theft in the second degree in Lee County on May 27, 1980. Each of these prior convictions were established through the use of a certified minute entry, which demonstrated that the appellant was represented by counsel in each of these prior convictions as required by Highsmith v. State, 55 Ala.App. 272, 314 So.2d 874 (1975), and authorities therein cited.
Following this explanation and having these matters explained to the appellant by the trial judge and his attorney, the trial court made its determination that the appellant should be sentenced as a habitual offender and that he should be sentenced to life imprisonment, pursuant to the provisions of § 13A-5-9(c)(2), Code of Alabama 1975, as amended 1979.
I
The issue presented on this appeal is whether there is a conflict within the Alabama Statutes dealing with punishment where a party has been adjudged guilty of “attempted escape.” Counsel calls our attention to provision of § 13A-10-31 and § 13A-10-32, Code of Alabama 1975 as amended 1979. These two sections read as follows:
“§ 13A—10-31. Escape in the first degree.
“(a) A person commits the crime of escape in the first degree if:
“(1) He employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody; or
“(2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction.
“(b) Escape in the first degree is a Class B felony. (Acts 1977, No. 607, p. 812, § 4606; Acts 1979, No. 79-471, p. 862, § 1; Acts 1980, No. 80-753, § 2.)”
“§ 13A-10-32. Escape in the second degree.
“(a) A person commits the crime of escape in the second degree if he escapes or attempts to escape from a penal facility.
“(b) Escape in the second degree is a Class C felony. (Acts 1977, No. 607, p. 812, § 4607.)”
Specifically, counsel urges that attempted escape is a Class C felony rather than a Class B felony and therefore the trial judge was in error in sentencing the appellant to life imprisonment as is provided for in § 13A-5-9(c)(2), Code of Alabama 1975, as amended 1979. It is apparent from the portion of the above quoted colloquy that the appellant’s body became stuck while he was endeavoring to escape from the Opelika City Jail, after having previously dug a hole in the wall of the jail with the use of a pocket knife. When, according to appellant’s own statement, he could not get the door unlocked, and attempted to crawl back into his cell, he became stuck in the wall of the cell. (R. 7-8).
It is also clear that the appellant was being held in custody under two prior convictions from Lee County, to say nothing of his Montgomery County convictions, at the time he either escaped or attempted to escape from custody pursuant to the aforesaid Lee County convictions.
We are of the opinion that the trial judge, therefore, properly sentenced the appellant under § 13A-5-9(c)(2), Code of Alabama, 1975, amended 1979, which reads as follows: “(2) On conviction of a Class B felony, he must be punished for life in the penitentiary.”
It is clear from appellant’s own testimony that he is guilty of escape in the first degree and therefore the trial judge properly sentenced him as a habitual offender under the authorities cited herein.
The Alabama Habitual Felony Offender Statute has been clearly determined to be constitutional. Williams v. State, 393 So.2d 492 (Ala.Cr.App.1981); Watson v. State, 392 So.2d 1274 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1271 (Ala.1981); Smith v. State, 392 So.2d 1273 (Ala.Cr.App.1980).
*303 This record is free of error and the judgment of the trial court is therefore affirmed.
AFFIRMED.
All the Judges concur.