501 So.2d 493 (1986)
Steven L. RINGER
v.
STATE.
8 Div. 379.
Court of Criminal Appeals of Alabama.
April 22, 1986.
Rehearing Denied May 27, 1986.
Certiorari Denied August 22, 1986
On Return to Remand December 30, 1986.
C. Wayne Morris, Huntsville, for appellant.
Charles A. Graddick, Atty. Gen., and David B. Karn, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 85-1033.
TAYLOR, Judge.
Steven L. Ringer was convicted of escape in the first degree, proscribed by § 13A-10-31, Code of Alabama 1975, and was sentenced to 10 years' imprisonment in the penitentiary. Immediately after a jury had convicted him of a violation of the Alabama Uniform Controlled Substances Act and the judge had pronounced him guilty of the felony, Ringer made an escape from the custody of the court bailiff. On appeal, two issues are presented.

I
Appellant Ringer contends that his prior felony conviction cannot be used for enhancement purposes because it is a necessary element of the offense itself. Section 13A-10-31, reads as follows:
"(a) A person commits the crime of escape in the first degree if:
"(1) He employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody, or
"(2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction."
"(b) Escape in the first degree is a Class B felony."
We take this to be an issue not clearly decided in this jurisdiction. In Wigley v. State, 456 So.2d 339 (Ala.Cr.App.1982), this court held that a previous conviction could not be used for enhancement when the offense was a possession of a pistol after having been convicted of a crime of violence. This court held that since the previous offense was an element of the present offense, it could not be used to enhance punishment. There we said:
"In instances where there is only one prior conviction, and that conviction is a *494 necessary element or ingredient of the currently charged offense, such prior conviction is not available and may not again be used to enhance the punishment under the Habitual Felony Offender Act. To hold otherwise, would nullify the punishment provision of the currently charged offense as contained in § 13A-11-84(a), Ala.Code 1975, because the prior conviction would always activate the Habitual Felony Offender Act; we do not believe that the legislature intended that result."
In that case there was a dissent which relied on Webster v. State, 403 So.2d 299 (Ala.Cr.App.), cert. denied, 403 So.2d 303 (Ala.1981). Webster, however, is distinguishable. Webster had five prior felony convictions, two kidnappings, two grand larcenies, and a second degree theft. He was sentenced to life imprisonment by virtue of mandatory application of the Habitual Felony Offender Act. This sentence was mandated by section (c) of the Act, for any felon with three prior felonies. The issue of the single prior felony being used for enhancement was not clearly before the court in the Webster case because the accused had felonies to spare. The issue argued in that case was that the conviction should have been for second degree escape rather than first degree escape. He was confined in a "penal facility" as that term is used in the second degree escape statute, § 13A-10-32, but his escape was from custody "imposed pursuant to a conviction," as described in the first degree escape statute, § 13A-10-31.
We are of the opinion that the prior felony of which the defendant was convicted cannot again be used for enhancement purposes. Escape in the first degree is a class B felony. The penalty for its violation is from 2 to 20 years' imprisonment in the penitentiary. Section 13A-5-6(a)(2). Application of the Habitual Felony Offender Act, § 13A-5-9, to a class B felony conviction enhances punishment. Subsection (a)(2) of that statute states, "On conviction of a class B felony, he must be punished for a class A felony; ..." Section 13A-5-6(a)(1) states, "for a class A felony, for life or not more than 99 years or less than 10 years."
Conviction of a felony is a necessary ingredient for the conviction of a person under § 13A-10-31(a)(2). The legislature has clearly directed that this offense be punished as a class B felony. To adopt the interpretation suggested by the state would be always to punish this offense as a class A felony. Our analysis, therefore, tells us that this result is not the one intended by the legislature and that the felony conviction made an element of a conviction of 13A-10-31(a)(2), cannot lawfully be again used to enhance punishment for a conviction under that subsection. For this reason, the case must be remanded for resentencing consistent with this opinion.

II
The appellant had not been sentenced for the conviction of violation of the Alabama Uniformed Controlled Substances Act at the time of his escape; he contends that the procedure was incomplete and so his custody was not "pursuant to a conviction." His escape occurred just after the jury verdict and the court's pronouncement of "guilty." In Watson v. State, 392 So.2d 1274 (Ala.Cr.App.1980), Judge DeCarlo stated on this issue:
"In the present case, Alabama's Habitual Offender Act contains no requirement that a repeat offender must have served, partially or completely, his sentence for a prior felony before he can be sentenced under the Act. The statute requires that a criminal defendant be `previously convicted of any felony' or `any two felonies' or `any three felonies.' § 13A-5-9, supra. In our judgment, the word `convicted,' as used in § 13A-5-9, Code of Alabama 1975, does not include actual service in the penitentiary. Had the legislature intended `conviction' to include only those convictions followed by actual imprisonment, such a definition could easily have been included in the statute." *495 We find that an escape from custody following a conviction, but before a sentencing hearing, also constitutes an escape from "custody imposed pursuant to a conviction."

III
Appellant next contends that he was the victim of prosecutorial misconduct in that there were offensive comments made regarding him during summation. Specifically, the prosecutor said during summation:
"[MR. HOOPER]: ... Mr. Morris says that his man is a snake. Well, he's right about that part. And he threw himself on the mercy of the jury back on November the 6th and the jury threw it back."
"MR. MORRIS: Your Honor, I am going to object to Mr. Hooper calling my client a snake."
"MR. HOOPER: Well, it's his example.
"THE COURT: Well, don't make that kind of reference in this case."
Earlier, a question had been asked of a witness by defense counsel, referring to a reaction to an emergency situation as follows:
"Q: In layman terms, would this be akin to something similar to someone throwing a snake in your lap and the natural response and reflexes would be to remove yourself from that situation immediately?
"A: Yes...."
We do not see an adverse ruling upon which to predicate error. Stewart v. State, 398 So.2d 369 (Ala.Cr.App.1981). The court, in effect, sustained the objection when it said, "Well, don't make that kind of reference in this case." The court's action apparently prevented any repetition. Even if the issue were properly before us, not every epithet of "snake" will fatally poison the case. In Liner v. State, 350 So.2d 760, 763 (Ala.Cr.App.1977), Judge Bowen stated as follows:
"In closing argument the district attorney referred to the appellant as a `rattlesnake' and a `viper' who sucks the blood from the youth of our country before they can reach maturity. While this argument was highly improper, Cassady v. State, 51 Ala.App. 544, 287 So.2d 254 (1973), it is not reversible error. The trial court sustained appellant's objection to this type of argument and instructed the jury on what they were to consider. His motion for mistrial was overruled. As was noted in Cassady, supra, 51 Ala. App. 547, 287 So.2d 257:
"`Had appellant thought that more corrective measures were necessary, it was incumbent upon him to move the court to exclude this remark from the jury's consideration. In the absence of such a motion, the question is not properly presented for revision. McGrew v. State, 21 Ala.App. 266, 107 So. 328; Stephens v. State, 250 Ala. 123, 33 So.2d 245.'"
Prejudicial remarks made by counsel during the course of a trial must be judged in context, on their own merits, on a case by case basis. Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968).
For the reasons set out in section I hereof, this case is remanded to the trial court for resentencing.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Judge.
On remand, the circuit court re-sentenced the appellant to a term of two years' imprisonment for his first degree escape conviction. The trial court has fully complied with our directions and the judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.