Jerry Glenn Lee and Tommy Lance Roberts were charged in separate indictments with escape in the first degree in violation of § 13A-10-31, Code of Alabama 1975. The two cases were consolidated for trial and both appellants were convicted. (C.R. 18, 44) Following a sentence hearing, in which the court determined that both appellants had been previously convicted of three felonies, they were each sentenced to life imprisonment in the state penitentiary as a habitual felony offender, with the sentence to run concurrently with the sentences each was already serving. (C.R. 20, 46)
Walter McGlocklin, a foreman with the City of Athens Electric Department, testified that on December 19, 1985, the appellants were working for him on a project for the city. (R. 20-21) McGlocklin was their supervisor. (R. 17, 22) He picked them up from the prison where they were incarcerated (R. 18) and transported them to the city garage on Elm Street in Limestone County, Alabama. (R. 20) When his work crew arrived at the work site on that day, McGlocklin counted the crew members present and discovered that the appellants were missing. (R. 21-22) He did not see the appellants again. (R. 23). *Page 827 
Jeanette Gamble testified that she had been married to a brother of one of the appellants. On December 19, 1985, Ms. Gamble drove by the city electric department, told one of the appellants that she was about to leave and asked him if he would accompany her. Both of the appellants then got into Ms. Gamble's automobile and the three drove to Huntsville, Alabama. She testified that she knew they were both state inmates and were not supposed to leave. She had received no permission or authority for them to leave.
William Stickler testified that he was an assistant warden with the Alabama Department of Corrections. He testified that the appellants were state inmates housed at his institution on December 19, 1985. (R. 31) At that time the appellants were working for the City of Athens as part of a community work program. (R. 33) As part of the agreement with the Department of Corrections, the inmates' supervisors were required to keep the inmates in their custody and control at all times. (R. 34).
Betty Taylor, the custodian of inmate records for the Department of Corrections, testified that the appellants were incarcerated at the Limestone Correctional Facility on December 19, 1985. Appellant Lee was serving time for burglary, forgery and two grand larceny convictions. (R. 41) Appellant Roberts was serving time for two criminal possession of forged instrument convictions. (R. 43)
During the appellant Lee's sentencing hearing, the State introduced certified copies of minute entries showing that he had two prior convictions for second degree burglary, two prior convictions for receiving or concealing stolen goods and three prior convictions for grand larceny. (R. 78, 79B) During trial, the State introduced certified copies of minute entries proving that appellant Roberts had a prior robbery conviction and three prior convictions for criminal possession of a forged instrument. (R. 72, 79B)
 I
The appellants contend that the trial judge erred in denying their motions for judgment of acquittal on the grounds that the State failed to prove that they were "in custody" at the time of their alleged escape. They argue that the State failed to prove that their actions in leaving the work site constituted "an impermissible exercise of freedom granted to them under their work program." They also argue that they were not informed that they were prohibited from leaving the work site. (Brief of appellants, p. 5)
The appellants' contentions are without merit. The offense of first degree escape is defined as follows:
 "(a) A person commits the crime of escape in the first degree if:
". . . . .
 "(2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction." § 13A-10-31(a)(2), Code of Alabama 1975.
In Alexander v. State, 475 So.2d 625 (Ala.Crim.App. 1984), rev'd on other grounds, 475 So.2d 628 (Ala. 1985), this court held that the escape of a state inmate from a state work release situation is an escape from custody and that the crime of escape in the first degree is broad enough to cover instances where the state inmate fails to return to the work release center from his place of employment. In Ex ParteAlexander, 475 So.2d 628 (Ala. 1985), the Alabama Supreme Court held that this rule of construction could be applied prospectively only.
Because the offenses in these cases took place on December 19, 1985, approximately 14 months after our decision inAlexander v. State, our decision in Alexander v. State is applicable here.
The State clearly proved the requisite elements of the charged offense. We note that whether or not the appellants were informed that they were prohibited from leaving the work site is not a proper subject of concern here. It is well-settled that ignorance of the law is no defense. See §13A-2-6, Code of Alabama 1975. *Page 828 
 II
The appellants contend that the trial court erred in enhancing their sentences based on prior felony convictions which were used to convict them of escape.
The appellants cite Ringer v. State, 501 So.2d 493
(Ala.Crim.App. 1986) in support of their contention. In Ringer, we held that the appellant's single prior conviction could not be used to enhance his sentence following his conviction for escape and we remanded the case for resentencing. We distinguished that case from the situation with which we were presented in Webster v. State, 403 So.2d 299 (Ala.Crim.App.), cert. denied, 403 So.2d 303 (Ala. 1981):
 "Webster, however is distinguishable Webster had five prior felony convictions, two kidnappings, two grand larcenies, and a second degree theft. He was sentenced to life imprisonment by virtue of mandatory application of the Habitual Felony Offender Act. This sentence was mandated by section (c) of the Act, for any felon with three prior felonies. The issue of the single prior felony being used for enhancement was not clearly before the court in the Webster case because the accused had felonies to spare"
Ringer, supra at 494 (emphasis added).
In reversing and remanding that case we followed our previous decision in Wigley v. State, 456 So.2d 339
(Ala.Crim.App. 1982), wherein we held:
 " 'In instances where there is only one prior conviction, and that conviction is a necessary element or ingredient of the currently charged offense, such prior conviction is not available and may not again be used to enhance the punishment under the Habitual Felony Offender Act. To hold otherwise, would nullify the punishment provision of the currently charged offense as contained in § 13A-11-84(a), Ala. Code 1975, because the prior conviction would always activate the Habitual Felony Offender Act; we do not believe that the legislature intended that result.' "
Ringer, supra at 494 (emphasis added) (quoting Wigley, supra at 341).
In the recent case of Webb v. State, [Ms. 3 Div. 329, April 28, 1987] (Ala.Crim.App. 1987), we held, in effect, that, where a defendant has more than one prior felony conviction, all but one of the prior convictions may be used for sentencing enhancement under the habitual felony offender statute. Reversal and remandment for a new sentencing hearing was required in Webb, however, due to the State's failure of proof with respect to the appellant's other convictions.
Because each of the appellants in the case at bar had "felonies to spare" (appellant Roberts had a total of four prior convictions; appellant Lee had a total of seven), and all of the prior convictions were properly proved by the admission of certified minute entries, we hold that the appellants were properly sentenced as habitual felony offenders and, thus, new sentence hearings are not required.
For the above-stated reasons this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 912