McMILLAN, Judge.
This is an appeal of the summary denial of the appellant’s Rule 20, Temp.A.R. Crim.P., petition.
In 1983, the appellant, who was serving two prior sentences for murder, was convicted of escape in the first degree, in violation of § 13A-10-31(a)(2), Code of Alabama (1975). Pursuant to the Habitual Felony Offender Act, the appellant was sentenced to a term of 99 years’ imprisonment. Direct appeal was made to this Court, which affirmed the appellant’s conviction, 449 So.2d 1277 (Ala.Cr.App.1984), and review was denied by our Supreme Court.
In May 1988, the appellant filed the Rule 20 petition sub judice, alleging the following as grounds for relief: (1) that his sentence exceeded the maximum authorized by law; (2) that his indictment was void, and that the court was therefore without jurisdiction to sentence him; and (3) that he was denied effective assistance of counsel. The State responded with an answer and a motion to dismiss, which was summarily granted by the trial court. This appeal follows.
The issues raised in this appeal are whether the appellant’s contention is “meritorious on its face” and whether the trial court erred by dismissing the petition without an evidentiary hearing.
*639 It is well settled under Alabama law that “an evidentiary hearing must be held on a eoram nobis petition which is meritorious on its face, i.e., one which contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief.” Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985). See also, Henry v. State, 387 So.2d 328 (Ala.Cr.App. 1980); Populus v. State, 51 Ala.App. 166, 283 So.2d 617 (1973). In Ex parte Clisby, 501 So.2d 483 (Ala.1986), our Supreme Court reiterated the well-established rule that a petition for writ of error coram nobis must contain more than mere naked allegations that a constitutional right has been violated. The Clisby Court held:
“A petition for a writ of error coram nobis is ‘meritorious on its face’ only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true.”
Id. at 486 (citations omitted) (emphasis in original). See also, Temporary Rule 20.3, A.R.Crim.P.
As his first ground for relief, appellant argues that his sentence of 99 years’ imprisonment exceeds the maximum authorized by law. The appellant contends that because both of his prior convictions were introduced into evidence during his trial to prove escape in the first degree, neither of these convictions may be used for sentence enhancement purposes. In support of this proposition, the appellant cites this Court’s decision in Ringer v. State, 501 So.2d 493 (Ala.Cr.App.1986), wherein we held that, where a felony conviction is an element of escape in the first degree, the same conviction cannot be used for sentence enhancement purposes. We submit, however, that the appellant’s reliance on Ringer, supra, is misplaced.
In Ringer, the appellant’s only prior felony conviction formed the basis of his conviction of escape in the first degree under § 13A-10-31(a)(2), Code of Alabama, (1975). Thus, no felonies remained that could be used for sentence enhancement purposes. In the case sub judice, however, the appellant had two prior felony convictions, one of which was an element of the escape charge, and the other of which was properly used to enhance his sentence. “[I]n a prosecution for escape, where a defendant is serving time for more than one prior felony conviction, all but one of the prior convictions may be used for sentence enhancement under the [Habitual Felony Offender] Act. Webb v. State, 539 So.2d 343 (Ala.Cr.App.1987); Lee v. State, 512 So.2d 826 (Ala.Cr.App.1987).” Moncrief v. State, 551 So.2d 1175 (Ala. Cr.App.1989) (emphasis added).
Escape in the first degree is a Class B felony. § 13A-10-31, Code of Alabama (1975). Under the Habitual Felony Offender Act, a defendant with one prior felony conviction who is convicted of a Class B felony must be punished as for a Class A felony. § 13A-5-9(a)(2), Code of Alabama (1975). Because the appellant’s 99-year sentence falls within the range of punishment for Class A felonies prescribed by § 13A-5-6(a)(l), Code of Alabama (1975), he is clearly not entitled to relief on this ground.
The appellant next contends that his indictment was void, because, he says, the presentment requirements of § 15-8-70, Code of Alabama (1975), were not met. He therefore contends that the trial court was without jurisdiction to sentence him.
The failure of tbe State to meet the presentment requirements would render the indictment voidable, not void, and any such defect was waived by the appellant when he appeared in court and entered a plea. “ ‘One ordinarily waives any irregularities in the indictment by appearing and pleading in the trial court, and a plea to the merits is considered an admission of a valid indictment.’ Canada v. State, 421 So.2d 140, 145 (Ala.Cr.App.1982).” Chappell v. State, 470 So.2d 1371, 1372 (Ala.Cr.App. 1985).
Further, we note that the appellant has raised this claim in his brief but has *640 failed to cite any case law or other authority to support this proposition. Therefore, pursuant to this Court’s decisions in Johnson v. State, 500 So.2d 494 (Ala.Cr.App. 1986), and Vinzant v. State, 462 So.2d 1037, 1039 (Ala.Cr.App.1984), the appellant’s argument as to this ground for relief is deemed waived.
The appellant’s final ground for relief is his claim of ineffective assistance of counsel. Although appellant’s petition raises numerous instances of counsel’s alleged error, each is simply a conclusory statement of law, and such a statement is insufficient to entitle him to an evidentiary hearing. Ex parte Clisby, supra. Beyond its naked allegations, this petition offers no allegation of specific facts pertaining to counsel’s alleged errors that, if true, would be sufficient to entitle him to relief under Temporary Rule 20, A.R.Crim.P.
For the reasons stated above, appellant’s petition is not “meritorious on its face,” and the appellant was thus not entitled to an evidentiary hearing. The judgment of the trial court is correct and it is due to be affirmed.
AFFIRMED.
All Judges concur.