TAYLOR, Judge.
The appellant, Roger Cagle, pleaded guilty to the charge of attempted sexual abuse in the first degree and was sentenced to 12 months in jail, which sentence was split, with the appellant to serve 9 months on work release and 3 months on probation. Thereafter, on May 14, 1992, the State moved for a hearing “to determine [the appellant’s] work release status” after the appellant allegedly violated a work release program rule. A hearing was held at which the appellant’s “work release status” was revoked. At the same time his probation was also revoked. The court ordered the appellant to serve the entire 12-month sentence in jail.
*1200 At this “hearing,” the following occurred:
“THE COURT: He’s [the appellant] in court with his attorney; and also present is the Assistant District Attorney, Ms. Karen Hall.
“MS. HALL: His attorney is not here, Your Honor.
“THE COURT: His attorney is not here. That’s right. Your attorney is Allen Davis; is that correct?
“THE DEFENDANT: Yes, ma’am. “THE COURT: We’re here on a request for Hearing for Revocation by the Madison County Work Release Program.
[[Image here]]
“THE COURT: There is a request for a Revocation Hearing present before this Court, Mr. Cagle, alleging that after being placed on the Madison County Work Release Program you returned to the Work Release Program Office on May the 13th, 1992 with an odor of alcohol on your breath, and after you were tested you tested positive for alcohol at .270; do you understand those things?
“THE DEFENDANT: Yes, ma’am. “THE COURT: Which they allege is violation of Rule One with respect to the Rules and Regulations of the Madison County Work Release Program. You may deny the allegations of this particular petition; and if you do, we will set it down for hearing. Do you understand that?
“THE DEFENDANT: Yes, ma’am.
“THE COURT: You’re entitled to be represented by your attorney at that time.
“THE DEFENDANT: Yes, ma’am.
“THE COURT: You may admit this allegation; and if you do, I will revoke your original sentence and place you in jail for the full period of 12 months in the Madison County jail; and you will not receive credit for any of the time you served on work release, although you will receive credit for any time you received before you were sentenced in this Court the first time and before you were sentenced today, after you were placed in lock-up. Do you understand those things?
“THE DEFENDANT: Yes, ma’am.
“THE COURT: All right. What do you wish to do, deny or admit?
“THE DEFENDANT: Well, I admit.
“THE COURT: I beg your pardon.
“THE DEFENDANT: I admit it.
“THE COURT: All right. He has admitted. I’ll enter an Order that you be placed in the Madison County jail for a period of 12 months. You will not receive credit for the time that you spent on the Work Release Program....”
The court represented on the record that the proceeding that it was conducting was not a probation revocation hearing. In truth, however, probation was revoked. When the court ordered the appellant to serve his 12-month sentence, he revoked his probation.
A person facing revocation of probation or parole is entitled to due process rights under the United States Constitution, Amendment V. It provides, in pertinent part:
“AMENDMENT V.
“No person shall ... be deprived of life, liberty, or property, without due process of law....”
The United States Supreme Court has held that the revocation of probation and parole constituted deprivation of a constitutionally protected liberty interest. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Morrissey established the requirements of due process for parole revocation and the United States Supreme Court extended these requirements to probation revocation hearings in Gagnon. Due process requires the following:
“ ‘(a) [WJritten notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of *1201 evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.’ Morrissey v. Brewer, supra, [408 U.S.] at 489, 92 S.Ct. at 2604.”
Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62. The appellant was denied these due process guarantees by the manner in which his probation was revoked.
Rule 27.6(a), A.R.Crim.P., requires that a hearing be held to determine whether probation should be revoked. If the proceeding in this case was not a probation revocation hearing, then Rule 27.6(a) was clearly ignored. If the proceeding in this case was a probation revocation hearing, then the requirements of Rule 27.6 were violated. Rule 27.6(c) provides:
“Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:
“(1) The nature of the violation to which an admission is offered;
“(2) The right under section (b) to be represented by counsel;
“(3) The right to testify and to present witnesses and other evidence on probationer’s own behalf and to cross-examine adverse witnesses....
[[Image here]]
“The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission.”
The action of the trial court in failing to credit the appellant for the time he served on work release, increased the total sentence and was therefore reversible error.
Our decisions at times have been equivocal as to whether work release was a form of probation or a form of confinement. See § 13A-10-30, Code of Alabama 1975, and cases cited therein. Our more recent decisions are clear to the point that it is confinement. Lee v. State, 512 So.2d 826 (Ala.Cr.App.1987); § 13A-10-31, Code of Alabama 1975. A person who escapes from work release escapes from custody. § 15-22-74, Code of Alabama 1975. Serving on work release is serving the sentence to confinement. It is not probation. Work release is a form of custodial confinement.
For the foregoing reasons the judgment of the circuit court is reversed and' this cause remanded to the Circuit Court for Madison County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.