The appellant, Michael Dewayne Hawthorne, alleges that, on September 5, 2001, he pled guilty to first-degree escape; that the trial court sentenced him to serve a term of twenty-two years in prison; and that he did not appeal his conviction. On August 1, 2006, he filed a Rule 32 petition, challenging his conviction. Without requiring a response from the State, the circuit court conducted a hearing and denied the petition. This appeal followed.
The appellant argues that the circuit court erroneously dismissed his petition without making specific findings of fact. In his petition, he contended that he was entitled to post-conviction relief because:
 1) the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because he was not competent to stand trial; and
 2) his sentence is illegal because the trial court allegedly erroneously sentenced him as a habitual offender because, at the time of the escape, he was allegedly serving time on multiple concurrent sentences and because this court's decision in Lee v. State, 549 So.2d 638 (Ala.Crim.App. 1989), which provides "that in prosecution for escape where a defendant is serving time for more than one prior felony conviction, all but one of the prior convictions may be used for a sentence enhancement under the habitual offender [a]ct . . . [d]o offend the concerns of the 6th Amend. U.S.A. Const. that a defendant be afforded fair trial . . . [a]nd due process under the 14th Amendment." (C.R. 18.)
The State did not file a written response to the petition. The record in this case indicates that the circuit court conducted a hearing on the petition on March 8, 2007. However, the record on appeal does not include a transcript of that hearing. Finally, the circuit court did not make specific, written findings of fact regarding the appellant's claims. See Rule 32.9(d), Ala. R.Crim. P. For these reasons, we cannot properly review the circuit court's denial of the petition. Accordingly, we remand this case for the circuit court to make specific, written findings of fact regarding the appellant's claims. The circuit court shall also make specific, written findings regarding the specific claims that were raised during the evidentiary hearing and regarding any evidence that was presented during the evidentiary hearing. On remand, the circuit court may require the State to respond to the appellant's contentions and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact; a transcript of the March 8, 2007, hearing if such is available; and, if applicable, the State's response and/or a transcript of any remand proceedings.
REMANDED WITH INSTRUCTIONS.* *Page 792 
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
* Note from the reporter of decisions: On April 11, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.