Rel: June 21, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

————————————————

### SC-2023-0923

————————————————

**Ex parte Wayne Holleman Travis**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

**(In re: Wayne Holleman Travis**

**v.**

**State of Alabama)**

**(Conecuh Circuit Court: CC-92-4.60;
Court of Criminal Appeals: CR-18-0973)**

PER CURIAM.

WRIT DENIED. NO OPINION.

Shaw, Wise, Sellers, Stewart, and Mitchell, JJ., concur.

Parker, C.J., and Cook, J., concur in part and dissent in part, with opinions.

Bryan, J., dissents.

Mendheim, J., recuses himself.

PARKER, Chief Justice (concurring in part and dissenting in part).

In 1993, Wayne Holleman Travis was convicted of capital murder for his involvement as an accomplice in the 1991 killing of Clarence Haskew.[1] Travis petitions this Court for a writ of certiorari to the Court of Criminal Appeals to review that court's opinion affirming the Conecuh Circuit Court's judgment denying Travis's petition for postconviction relief under Rule 32, Ala. R. Crim. P. Travis v. State, [Ms. CR-18-0973, Mar. 24, 2023] ___ So. 3d ___ (Ala. Crim. App. 2023). I concur in denying Travis's petition as to all grounds except for one; I would grant his petition to consider whether the Court of Criminal Appeals' holding that Travis failed to preserve for appeal certain allegations of ineffective assistance of counsel conflicts with prior decisions of the Court of Criminal Appeals.

In his Rule 32 petition, Travis asserted several claims of ineffective assistance of counsel, and he alleged several specific instances of ineffective assistance. During the evidentiary hearing on Travis's petition, Travis presented evidence of other specific instances of

---

[1]Travis's codefendant was sentenced to life imprisonment without the possibility of parole.

3

ineffective assistance that were not included in his petition or in any amendments to the petition. After the hearing, Travis did not amend his petition to allege those specific instances of ineffective assistance. Instead, he argued those new instances in his posthearing brief. The circuit court denied Travis's Rule 32 petition without addressing the instances of ineffective assistance that Travis had asserted for the first time at the evidentiary hearing and in his posthearing brief.

On appeal to the Court of Criminal Appeals, Travis asserted the specific instances of ineffective assistance of counsel that he had asserted for the first time at the evidentiary hearing and in his posthearing brief. That court held that Travis had failed to preserve his arguments regarding those specific instances because Travis had not included them in his Rule 32 petition and had not amended his petition to include them.

In his petition for a writ of certiorari, Travis contends that the Court of Criminal Appeals' decision conflicts with numerous prior decisions of that court, namely, Anglin v. State, 719 So. 2d 855, 857 (Ala. Crim. App. 1996) (remanding for the trial court to make specific findings of fact regarding "'each material issue of fact presented'" at an evidentiary hearing at which the Rule 32 petitioner asserted new claims

4

of ineffective assistance of counsel (quoting Rule 32.9(d), Ala. R. Crim. P.)); Hawthorne v. State, 992 So. 2d 790, 791 (Ala. Crim. App. 2007) (remanding for the trial court to make specific findings of fact regarding "any evidence that was presented during the evidentiary hearing"); Smoot v. State, 555 So. 2d 307, 307 (Ala. Crim. App. 1989) (remanding for the trial court to make findings of fact "on the merits of the allegations raised at the [Rule 32] hearing" (emphasis added)); Davis v. State, 184 So. 3d 415, 426 (Ala. Crim. App. 2014) (holding that, "[o]nce a circuit court holds [a Rule 32] evidentiary hearing or takes evidence by way of affidavits in lieu of a hearing, … it is required to enter written findings of fact related to each material issue of law or fact that could entitle the petitioner to relief" (per Burke, J., with one Judge concurring specially and one Judge concurring in the result)); McLin v. State, 840 So. 2d 937, 943 (Ala. Crim. App. 2002) (refusing to consider claims asserted for the first time on appeal because they had not been raised in the Rule 32 petition, an amendment to the petition, or at the hearing on the petition); Musgrove v. State, 144 So. 3d 410, 454 (Ala. Crim. App. 2012) (same).

All of those prior decisions seem to indicate that, if a Rule 32 petitioner presents evidence that would entitle him to relief from his

5

conviction or sentence at an evidentiary hearing on his petition, the trial court must address that claim by making written findings of fact. If the trial court has a duty to address an issue, I see no basis for concluding that the issue was not properly before the trial court. Further, McLin and Musgrove strongly indicate that, had the petitioners in those cases raised their claims at the Rule 32 evidentiary hearings, the Court of Criminal Appeals would have considered those claims as properly preserved.

For these reasons, it appears that the Court of Criminal Appeals' holding that Travis failed to preserve his claims may be in conflict with the above-referenced decisions and deserves closer scrutiny by our Court on certiorari review. At the same time, I am concerned that the principles recognized in those cases would give Rule 32 petitioners a means of sandbagging the Rule 32 process by making vague claims in the Rule 32 petition, then springing specific allegations on both the State and the trial court at the evidentiary hearing. The Court of Criminal Appeals' holding in this case requiring a Rule 32 petitioner to amend his petition to include specific allegations in order to preserve those allegations for review would ameliorate this concern by requiring the petitioner to formally notify both the trial court and the State of the claims on which

6

he seeks judgment and that he intends to pursue on appeal. Moreover, it appears that such a requirement would not be prejudicial to the petitioner because Rule 32.7(b) permits a Rule 32 petition to be amended at any stage of the proceedings before entry of judgment.

Regardless of how the apparent conflict should be resolved, Travis has, at the very least, demonstrated a conflict between the Court of Criminal Appeals' decision here and the prior decisions summarized above. Rule 39(a)(1)(D), Ala. R. App. P., provides for certiorari review on conflict grounds for the purpose, among others, of ensuring consistency in Alabama precedent. Travis has identified a potential inconsistency that, if evident upon closer review, this Court ought to resolve one way or the other. For this reason, I dissent from the denial of Travis's petition as to this preservation issue.

COOK, Justice (concurring in part and dissenting in part).

Like Chief Justice Parker, I concur in denying Wayne Holleman Travis's petition for a writ of certiorari as to all grounds except one. As to the one issue discussed at length by the Chief Justice, I would grant Travis's petition because I do not have sufficient information in front of me to evaluate the merits of that issue.

At this point, the only question before this Court is whether to grant certiorari review -- that is, whether to hear this case at all -- based on the allegations that Travis raises in his petition. In other words, we are only deciding whether the merits of Travis's argument warrant review. We do not have the record before us. We also do not have any briefing from the attorney general. Given that this is a death-penalty case and given the unusual seriousness of the factual allegations raised by Travis in his petition, I believe that we should err on the side of granting Travis's petition so that we can evaluate the merits of his argument. It is for this reason that I must respectfully dissent, in part, to the denial of Travis's petition for a writ of certiorari.